Jacqueline Manzano
401 Paradise Heights Drive
Berryville, AR 72616
702-788-0599
Jmdesigns88@proton.me
Alton Grisham
AG-84proton.me@proton.me
Pete Torrez
ptorrez54@aol.com
*Joinder Plaintiffs, in proper person*

US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

OCT 21 2025

Ronald E. Dowling
By_____
Deputy Clerk

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS

**JACQUELINE MANZANO,** *et al,*

**Plaintiff(s),**

**-vs-**

**CREDIT ONE BANK, N. A.,** *et al,*

**Defendant(s).**

**CASE NO. 5:25-cv-03072-TLB**

**ORIGINAL VERIFIED COMPLAINT**

## ORIGINAL VERIFIED COMPLAINT

COMES NOW, Plaintiffs, Jacqueline Manzano, Alton Grisham, and Pete Torrez pro se, hereby sues Defendants, Credit One Bank, N. A. **(hereinafter COB),** Resurgent Capital Services, LP **(hereinafter RCS), LVNV Funding (hereinafter LVNV),** and claims the following;

## I. INTRODUCTION

1. Plaintiffs hereby file this permissive joinder of parties, pursuant to FRCP 20, for Judicial efficiency, as the controversy includes multiple claims against the same Defendants arising from the same transactions and events, and to have the court adjudicate the issues inclusively and provide a complete resolution of the dispute, and to prevent unnecessary multiple lawsuits for the same controversy which could result in inconsistent outcomes.

2. This is an action for damages, declaratory and injunctive relief brought by Plaintiffs against Defendants for money damages arising from serious inaccurate billing errors, for damages for violations of the Fair Credit Billing Act **(FCBA)** 15 U.S.C. §1666, for damages for violations of the Truth In Lending Act **(TILA, Regulation Z)** 15 U.S.C. §1605 *et seq.*, for damages for violation of the Gram Leach Bliley Act **(GLB A),** 15 U.S.C. 6801 through 6827, for damages for violations of the Fair Debt Collection Practices Act **(FDCPA)** 15 U.S.C. §1692 *et seq.*, for damages for violations of the Fair Credit Reporting Act **(FCRA)** 15 U.S.C. §1681 *et seq.,* and damages for defamation of character, under the Equal Credit Opportunity Act **(ECOA)** 15 USC §1691 *et seq.*.

3. This action involves alleged "defaulted debt," as the action involves an alleged obligation of a consumer to pay money arising out of a transaction in which the subject of the transaction was primarily for personal, family, and/or household purposes §1692a(5).

4. The Defendants have initiated a campaign of abusive, false, unfair, unreasonable, and unlawful debt collection activity directed against the Plaintiffs in Berryville, Arkansas, County of Carroll.

5. Plaintiffs contend that the Defendants have violated such laws by repeatedly harassing Plaintiffs in their attempts to collect a consumer debt, which arose from a consumer credit transaction that allegedly created the debt. As a result of these and other violations of federal law, the Plaintiffs seek to recover actual and statutory damages together with costs and fees associated of this action, including attorney fees should they become applicable, should Plaintiffs need to retain counsel for trial.

6. Upon belief and information, Plaintiffs contend that Defendants have violated such laws by repeatedly harassing Plaintiffs in attempts to collect payments on disputed accounts which contain serious billing errors and inaccurate accounting, due to Defendants omissions, actions and inaction to correct the same.

7. Each of the corporate defendants are agents of each other and are legally responsible for the acts and omissions of each other, and each of the defendants are severally and/or vicariously liable for the acts complained of herein.

## II JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 47 USC § 227 (b)(3), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C §1367.

9. This court has jurisdiction because Defendants conduct business in the State of Arkansas and committed the acts that form the basis for this suit, to wit, by continuously attempting to collect a non-existent consumer debt from Plaintiffs, with the intent to cause effects in the County of Carroll, State of Arkansas, this Court has personal jurisdiction over the Defendants for purposes of this action.

10. Venue is proper pursuant to 28 U.S.C §1367 b. Venue in this District is proper in that the Plaintiffs reside here and the Defendants transact business here, to wit, the collection of a consumer debt, and the conduct complained of occurred here.

11. Venue is proper in the Western district of Arkansas for the purpose of this action.

12. All conditions precedent to the filing of this action has been performed, waived or excused.

13. This action is for damages which exceeds $50,000.00, and does not exceed the sum of Seventy Five Thousand Dollars, $75,000.

## III PARTIES

14. Plaintiff incorporates all preceding paragraphs as fully set forth herein.

15. Plaintiffs are consumers as defined under the FDCPA at 15 U.S.C. §1692a(3).

16. Plaintiffs are adults and are residents of Carroll County, State of Arkansas.

17. The FDCPA violations alleged herein are within the one year statute of limitations as defined by 15 U.S.C. §1692k(d).

18. The TILA violations alleged herein are within the one year statute of limitations as defined under the Truth in Lending Act and the Fair Credit Billing Act.

19. The FCRA violations alleged herein are within the two year statute of limitations as defined under 15 USC §1681p *et seq.*.

20. Plaintiffs are consumers as defined under the FDCPA at 15 U.S.C. §1692a(3), with standing to bring a claim under the FDCPA, FCRA, TILA, GLBA, ECOA, and defamation of character, as Plaintiffs have suffered damages and financial injury.

21. Defendant COB is a financial institution, is a corporation registered in the State of Nevada. Defendant's headquarters are located at, 6801 Cimarron Rd., Las Vegas, NV 89113. Defendant can be served at its headquarters address.

22. Defendant COB is a financial institution, and its principal purpose of business is the extension of credit to consumers, and the collection of alleged defaulted debts by use of instrumentality of interstate commerce and the U.S. mails.

**23.** Plaintiffs are informed and believe, and thereon alleges that Defendant COB is owned by Sherman Financial Group, Inc. which is one of the largest and most egregious debt buyers in the United States, and the fact that COB is owed by a Debt Buyer is a direct conflict of interest, as COB is directly affiliated with Sherman Financial Group Inc. including LVNV and its family of debt collection companies, and defendant LVNV is a part of the Sherman family of debt buyers.

**24.** Defendant **COB** is a financial institution as defined in **18 U.S. Code § 20** as an entity, national or international, that deals primarily in business related to financial or/and monetary transactions, namely deposits, investments currency exchange, or any other transactions of similar nature. Therefore, Defendant is subject to and liable for violations of the **GLB Act, 15 U.S.C. 6801 through 6827.**

**25.** Defendants **COB,** by its own admittance are a "debt collector" as defined by **15 U.S.C. §1692a(6),** who uses instrumentality of interstate commerce and the mails in its business the principal purpose of which is the collection of alleged defaulted consumer debts, and who regularly collects or attempts to collect consumer debts owed or due or asserted to be owed, and its principal purpose of business is consumer credit and debt collection, by way of aiding debt buyers in the collection of alleged defaulted consumer debt, whether or not such obligation has been reduced to judgment.

**26.** Defendant LVNV is a debt buyer who purchases unsecure consumer debt at deep discount from Banks and other institutions and purports to be the current creditor, by creating its own file account number and attempts to collect the same, by way of declaring it is owed the alleged full amount of the charged off account, and furnishes its tradeline on consumer credit reports in an effort to coerce payment, and assigns the servicing rights to RCS for aggressive collection.

**27.** Defendant RCS is a debt collector as defined by 15 USC §1692a(6) who uses instrumentality of interstate commerce and the mails in its business the principal purpose of which is the collection of alleged defaulted consumer debts, and who regularly collects or attempts to collect consumer debts owed or due or asserted to be owed, and its principal purpose of business is debt collection, by way of aiding debt buyers in the collection of alleged defaulted consumer debt, and Defendants head quarters are located at, 55 Beattie Place, Suite 400. Greenville, South Carolina 29601, and defendants can be served at, LVNV' HQ address located at, 355 S Main St., Suite 300-D, Greenville, SC 29601.

**28.** Defendant LVNV is a debt buyer/debt collector as defined by 15 USC §1692a(6) who uses instrumentality of interstate commerce and the mails in its business the principal purpose of which is the collection of alleged defaulted consumer debts, and who regularly collects or attempts to collect consumer debts owed or due or asserted to be owed, by way of assigning and aiding RCS in the collection of alleged defaulted consumer debt and its principal purpose of business is debt collection, and LVNV' HQ' address is located at, 355 S Main St., Suite 300-D, Greenville, SC 29601, and LVNC can be served at its HQ address.

## IV LEAVE TO AMEND COMPLAINT

**29.** Plaintiffs reserve their right to amend this Complaint, to re-state a claim with a more definite statement. Plaintiffs are informed and believe and therefore allege that they may have suffered damages in other ways and to other extents not presently known to them, and not specified herein. Plaintiffs reserve the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial and to add additional Defendants not presently known to them.

## V. STATEMENT OF FACTS AND ALLEGATIONS

**30.** Plaintiffs incorporate all preceding paragraphs as fully stated herein.

**31.** Discovery of the Defendants FDCPA violations in this case occurred within the one year of the statute of limitations as defined in the **FDCPA 15 U.S.C. §1692k(d).**

**32.** Defendants are a debt collector as defined in **15 USC § 1692 a(6).**

**33.** Plaintiffs are consumers as defined in **15 USC § 1692 a(3).**

**34.** This case involves an alleged consumer debt, where no debt, no default exists, and the alleged consumer debt Defendant's are attempting to collect from Plaintiffs arose out of a consumer credit transaction as defined in **15 USC §1692a (5),** the term **"debt"** means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

**35.** This case has absolutely nothing to do with whether or not Plaintiffs owe an alleged debt, it is solely about the omissions, inactions and actions of each Defendant, and their unlawful

conduct in their attempts to collect an unvalidated and unverified debt which contain serious account inaccuracies, and their violations of the **TILA §1605 et seq.,** violations of the **FCRA 15 USC §1681 et seq.**, violation of the **ECOA §1691**, defamation of character, violations of the **GLB Act, 15 U.S.C. 6801 through 6827,** and their violations of the **FDCPA, 15 USC 1692 et seq.**

**36.** Upon information and belief Plaintiffs contend that Defendants COB had ulterior motive or purpose exercising its trickery and subterfuge, and such perverted use of the credit system to benefit its principal, which caused the false belief in Plaintiffs that COB had a right to withhold pertinent information from Plaintiffs by failing to provide full disclosure of the accounting, which forms the basis for its false, misleading and abusive collection activity, by Defendants negligent failure to fulfill their statutory duties which require full disclosure of the accounting in a clear and conspicuous form, and Plaintiffs were unable to comprehend the language in the agreement.

**37.** Upon information and belief Plaintiffs contend that COB exercised trickery and subterfuge, by concealment of it's in house accounting records, willfully withheld disclosures and pertinent information regarding the Plaintiffs accounts, and engaged in cunning gatekeeping strategies to achieve undeserved profits to the Plaintiffs detriment, such as with intent.

**38.** Defendant COB's inaccurate accounting resulted in the destruction of the Plaintiffs consumer credit standing and obstructed their ability to obtain consumer credit, and Defendants breached their fiduciary duty by failing to carry out their duties faithfully. A duty was breached, and this cause of action arises accordingly. The fact is, *"Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading."* The Plaintiffs cannot condone defendant's shocking conduct.

**39.** Defendants, COB, LVNV and RCS failure to provide the necessary documentary proof prior to Plaintiffs commencing suit constituted frivolous conduct.

**40.** Verification means, to prove to be true, to confirm or establish the truth or truthfulness of, to authenticate, and COB failed to provide sufficient evidence to support its conclusion that the accounts were verified as accurate. Defendants failed to cure any of the deficiencies identified the Plaintiffs previous attempts to gain information and documentation in their notices of billing errors and inaccurate accounting, and lack standing because each of the

Defendants triggered estoppel, and have waived any right to challenge this matter, unless they are able to produce authenticated evidence to the contrary.

41. Plaintiffs cannot possibly be indebted to a debt collector, such as defendants LVNV and RCS, because there is no nexus or contract between Plaintiffs and LVNV or RCS. In fact, it's impossible for a consumer to have a transaction with a third party debt buyer/collector, and it's just as impossible for a third party debt collector to have a reasonable expectation of a transaction with a consumer, *its de facto*. LVNV labels itself as a "current creditor," and Defendant LVNV is not a creditor, current or otherwise.

42. Defendant COB lacks a fully executed two party contract, as they never provided full disclosure and they took no equal risk, acted unlawfully and without authority or consent from Plaintiffs when they purchased default insurance, known as Credit Default Swap, and Plaintiffs suffered damage as a direct result of the Defendant's breach, and COB has not suffered financial injury, and when Plaintiffs requested verified proof of the accuracy of the accounting, COB ignored Plaintiffs billing error notices and chose to continue aggressive collection activity, in violation of TILA, the FDCPA, the FCRA, the GLBA and the ECOA, by taking adverse action and defaming the Plaintiffs personal and financial reputation.

43. Defendants have taken unjust advantage of the Plaintiffs, and defendants abused the Plaintiffs trust, obtaining unjust enrichment from their injury, and that is unethical behavior.

44. Pursuant to the common law assumption of risk doctrine, *"volenti non fit injuria;"* Defendants omission of clear and conspicuous full disclosure, is omitting a material fact which gave rise to a fraudulent unilateral Agreement, and the omission was voluntarily, intentional and for the purpose of misleading the Plaintiffs, and Defendants actually knew of its falsity, and willfully took the risk to benefit its principal, and Defendants knowingly consented to the potential harm involved, and therefore cannot claim financial injury after the fact. The only conceivable risk for Defendants is the potential loss of substantial, yet undeserved profits.

## 1. PLAINTIFF MANZANO'S STATEMENT OF FACTS AND ALLEGATIONS

45. Plaintiff incorporates all preceding paragraphs as fully set for the herein.

46. On 12/04/2024 Plaintiff sent a Notice of billing error to COB via certified mail, which COB received on 12/11/2024 according to USPS records, and COB' responsive communication

dated 01/18/2025 was unresponsive to her request for information and documentation regarding the inaccurate accounting, thereby violating the **FCBA 15 USC §1666 et seq.** COB's 01/18/2025 response states in part; ***This is attempt to collect a debt and any information obtained will be used for that purpose.***

47. Again on 01/02/2025 plaintiff sent COB a Notice of Default and Opportunity to Cure per the doctrine of estoppel by silence, via certified mail which COB received on 01/13/2025 according to USPS records, and COB' responsive communication dated 01/18/2025 was incomplete and unresponsive to her second request for information and documentation regarding the inaccurate accounting, thereby violating the **FCBA, 15 USC §1666 et seq.**

48. Lastly, on 01/30/2025 plaintiff sent COB a notice of Irrevocable Estoppel by Silence, Notice of Intent to Sue, and Notice of Rescission via certified mail, which COB received on 02/04/2025, and to date COB has failed to cease collection activity, until 08/26/2025 COB sent Plaintiff an email message, informing her of a Notice of Sale of the Credit Card Account, which stated in part; The account ending in **#2393** was sold to LVNV C/O RCS, thereby violating the **ECOA 15 USC 1691(a)**, activities constituting discrimination - prohibits retaliation, and the **FCBA, 15 USC §1666 and FDCPA, 15 USC §1692 et seq..** **(See Manzano and COB correspondences EXHIBIT –A, attached hereto)**

49. From the date of Plaintiffs last payment in December until 08/2025 COB has furnished late payments on Plaintiffs consumer credit reports in violation of the **FCRA §1681a (2) (i),** which states in part, transactions and experiences are excluded from credit reports, also in violation of the **ECOA, 15 USC 1691 (a)** activities constituting discrimination, **(3)** because the Plaintiff has in good faith exercised any right under this chapter, when Manzano sent COB a Notice of Billing Error, COB continued aggressive collection activity without a conducting a proper investigation of the inaccurate accounting. **(See Plaintiffs three in one Credit report, attached hereto as EXHIBIT – C)**

50. Defendant COB charged off or wrote off the Manzano account ending in **#2393**, took a tax credit from the IRS, and notified Plaintiff via email that they sold the account to defendant LVNV, subsequent to Plaintiffs notice of Irrevocable Estoppel and Notice of Rescission, in violation of **TILA 15 USC 1635(f),** by failing to acknowledge or contest he Notice of Rescission, and **FCBA, 15 USC §1666(i)** for failure to correct the billing error and inaccurate accounting, and failure to provide plaintiff with copies of documentary evidence of her alleged indebtedness, the FDCPA namely **1692g,** for failing to validate and provide proper verification of the debt, **1692e,** by selling inaccurate, false and misleading account

information to LVNV in violation of **6821(a)** by selling the Plaintiffs personal account information to third party LVNV, and violations of **1692d** by misrepresenting the legal status of the debt.

51. As noted above, Plaintiff contends that she had a right to receive pertinent information regarding the **Comprehensive Financing and accounting**, including accounting and disclosure of all monies received and/or expended as a result of the account **#2393** from its inception.

52. Plaintiff hereby exercises her unalienable rights which are reserved in perpetuity. Each of the defaming Defendants has waived any right to challenge this matter, unless Defendants produce a preponderance of authenticated evidence to the contrary. Plaintiffs **have been damaged, her credit worthiness has been damaged**, and she has suffered financial loss as a result of the defaming Defendant' egregious actions.

53. Plaintiffs have been misinformed, through misrepresentation and/or misinformation and/or failure to act and/or a failure to inform and/or a failure to prevent, and Plaintiff only sought to bring the billing error to COB and was denied this right via various gatekeeping practices by COB, the insured party.

54. Each of Defendants violations of TILA, FCBA, FCRA, FDCPA, The ECOA and defamation of character will be more specifically stated and alleged in the following; **COUNT I through COUNT V**

## 2. PLAINTIFF GRISHAM'S STATEMENT OF FACTS AND ALLEGATIONS

55. Plaintiff incorporates all preceding paragraphs as fully set for the herein.

56. On 12/04/2024 Plaintiff AG sent a Notice of Billing Error to Defendants COB via certified mail, which Defendants received on 12/11/2024 according to USPS records. COBs response dated 12/12/2024 was incomplete and unresponsive to Plaintiffs billing error request for documentation and information regarding the billing error and accuracy of the accounting

57. On 12/27/2024 Plaintiff AG sent a Notice of Fault and Opportunity to Cure to Defendant COB via certified mail, which was received on 01/02/2025 according to USPS. COB' response dated 01/08/2025were incomplete and unresponsive to Plaintiffs notice of fault.

58. On 1/18/2025 Plaintiff AG sent a final Notice of Irrevocable Estoppel by Silence and Notice of Rescission to Defendant via certified mail, which was received by COB on 01/24/2025

according to USPS records, and to date COB has failed to respond or cease collection activity, including COB's failure to acknowledge or contest Grisham's Notice of Rescission.

**59.** On 01/29/2024 Plaintiff AG sent a Notice of Intent to Sue to Defendant COB via certified mail, which was received on 02/03/2025 according to USPS. **(See Plaintiff's EXHIBIT E written correspondences between Grisham and COB)**

**60.** After a review of my Consumer credit reports showing LVNV's negative tradeline, Plaintiff AG received three (3) voicemails from RCS attempting to collect a debt, and fourteen (14) email messages from RCS. **(See Plaintiffs EXHIBIT F, list of voicemails and emails from RCS,)**

**61.** On 09/16/2025 AG sent a dispute notice regarding FCRA, 15 USC §1681b permissible purpose and a Notice of intent to sue to LVNV via certified mail, which LVNV received on 09/23/2025, according to USPS records, to date Defendants have failed to respond and resolve. **(See Plaintiff's written Notices to RCS and LVNV, EXHIBIT F, attached hereto)**

**62.** Defendant LVNV has parked its tradeline on all three of Plaintiffs consumer credit reports without his consent and without a permissible purpose, in violation of the FCRA, 15 USC §1681b. **(See Plaintiffs credit reports EXHIBIT G, attached hereto)**

**63.** Plaintiff was recently refused the extension of credit from SURGE Mastercard, due to COB and LVNV's negative tradelines on his consumer credit reports. The defaming Defendants adverse actions resulted in Grisham's application for credit being denied, and Defendants are liable for his injury and damages thereof. **(SEE Plaintiffs EXHIBIT H attached hereto)**

### 3. PLAINTIFF TORREZ' STATEMENTS OF FACTS AND ALLEGATIONS.

**64.** Plaintiff incorporates all preceding paragraphs as fully set forth herein.

**65.** On 12/04/2024 Plaintiff Torrez sent a Notice of Billing Error to Defendants COB via certified mail, which Defendants received on 12/11/2024 according to USPS records. COBs responses dated 12/17/2024 and 12/18/2024 were incomplete and unresponsive to Plaintiffs billing error request for documentation and information regarding the billing error and accuracy of the accounting, and COB' 01/23/2025 email message attempting to collect payment, was also unresponsive to Plaintiff's request. COB' 12/18/2024 response states in

part; ***This is an attempt to collect a debt and any information obtained will be used for that purpose.***

**66.** On 12/27/2024 Plaintiff Torrez sent a Notice of Fault and Opportunity to Cure to Defendant COB via certified mail, which was received on 01/02/2025 according to USPS. COB' response dated 01/10/2025was was unresponsive to Plaintiffs notice of fault.

**67.** On 1/15/2025 Plaintiff Torrez sent a final Notice of irrevocable estoppels by silence, and a Notice of Rescission to Defendant via certified mail, which was received on 01/24/2025 according to USPS records, and COB response to Plaintiffs Notices dated 02/08/2025, stated in part; *that his account #7755 was placed in a no contact status, and that the account was accurate and past due 65 days, and delinquent with a balance of $420.83, and COB determined that the account was reported accurately.*

**68.** On 01/29/2025 Plaintiff Torrez sent a Notice of Intent to Sue to Defendant COB via certified mail, which was received on 02/03/2025 according to USPS records.

**69.** On 07/31/2025 plaintiff Torrez received an email message from COB, Informing him of A Notice of Sale of the Credit Card Account $7755 to LVNV Funding, LLC, C/O Resurgent Capital Services, LP. **(See Plaintiff's EXHIBIT I, written correspondences between Torrez and COB)**

**70.** In early August, Torrez received a letter from RCS dated 07/29/2025 naming the original creditor as COB acct #7755, and naming LVNV as Current owner, the letter stated in part; ***This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector***. On 08/14/2025, Torrez sent a timely Notice of dispute per the doctrine of estoppel by silence to RCS, which RCS received on 08/21/2025, according to USPS records

**71.** From August 5, 2025 thru August 22, 2025 Torrez has received seven (7) unauthorized and unwanted text messages from RCS.

**72.** RCS sent a response to Torrez, dated 08/27/2025, which was unresponsive to his request for information and documentation, instead they stated in part; *RCS manages the account for LVNV and has initiated a review of the inquiry recently received.*

**73.** On 09/16/2025 Torrez sent RCS a notice of irrevocable estoppels by silence, via certified mail, which was received by RCS on 09/23/2025. The Notice was sent due to RCS's unresponsive communications, and repeated collection activities, and to date, RCS has failed to respond. Plaintiff Torrez send a final notice of Intent to Sue, which was received by RCS on 09/26/2025. The Notice was also an opportunity for RCS and LVNV to contact Plaintiff

and resolve the matter amicably, without court intervention, and to date they have failed to respond.. **(A list of RCS Text messages and correspondences is attached hereto in EXHIBITJ)**

74. On 08/18/2025 Torrez obtained a copy of his credit report, and noticed COB tradeline, with a balance owed of $655.00, Contrary to its claim of a delinquent balance of $420.83, and this was last reported by COB on 06/09/2025. **(See Plaintiff Torrez Credit report EXHIBIT K)**

75. Plaintiff Torrez was recently refused the extension of credit from AVANT, due to COB' negative tradelines on his consumer credit reports. The defaming Defendant's adverse actions are the result of Torrez's application for credit being denied, due to COB's late payments and alleged delinquency, which is the result of COB' inaccurate accounting and failure to acknowledge and honor Torrez' Notice of Rescission. **(SEE Plaintiffs EXHIBIT L attached hereto)**

76. Defendant COB charged off or wrote off the Manzano account ending in **#2393**, took a tax credit from the IRS, and notified Plaintiff via email that they sold the account to defendant LVNV, subsequent to Plaintiffs notice of Irrevocable Estoppel and Notice of Rescission, in violation of **TILA 15 USC 1635(f),** by failing to acknowledge or contest he Notice of Rescission, and **FCBA, 15 USC §1666(i)** for failure to correct the billing error and inaccurate accounting, and failure to provide plaintiff with copies of documentary evidence of her alleged indebtedness, the FDCPA namely **1692g,** for failing to validate and provide proper verification of the debt, **1692e,** by selling inaccurate, false and misleading account information to LVNV in violation of **6821(a)** by selling the Plaintiffs personal account information to third party LVNV, and violations of **1692d** by misrepresenting the legal status of the debt.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, FDCPA, 15 USC §1692 *et seq.* AGAINST DEFENDANT'S COB, LVNV AND RCS

77. Plaintiffs re-allege and incorporate all preceding paragraphs as fully set forth herein.

78. Plaintiffs are consumers as defined under the FDCPA at 15 U.S.C. §1692a(3).

79. Defendants are a debt collector as defined in **15 USC § 1692 a(6) and** 1692j **(b)**Any person who violates this section shall be liable to the same extent and in the same manner as

a debt collector is liable under section **1692k** of this title for failure to comply with a provision of this subchapter.

80. Congress enacted the FDCPA to eliminate "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a).

81. Discovery of the Defendants FDCPA violations in this case occurred within the one year of the statute of limitations as defined in the **FDCPA 15 U.S.C. §1692k(d).**

82. Plaintiffs are informed and believe, and based on the evidence attached hereto, that the Defendants violated the following sections of the **FDCPA, 1692 c, 1692d, 1692e, 1692f, 1692g, 1692i, 1692j, and are liable under §1692k, as** each of the Defendants had a financial incentive to press the boundaries of the FDCPA's prohibitions using collection scare tactic techniques, and made a conscious choice to violate the FDCPA as follows;

83. Plaintiffs are informed and believe that LVNV and RCS violated the **FDCPA, 15 USC 1692c (a) and (b)** by contacting the Plaintiffs without their prior consent given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt, and here, RCS repeatedly sent text messages and email messages to the Plaintiffs, subsequent to being notified via certified mail that the alleged debt is disputed and the accounting is inaccurate.

84. This case involves an alleged consumer debt, where no debt or default exists, and the alleged consumer debt Defendants LVNV and RCS are attempting to collect from the Plaintiffs, did not arise out of a transaction that created the debt, to the contrary, it arose out of a consumer credit transaction as defined in **15 USC §1692a (5),** the term **"debt"** means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

85. Based upon information and belief Plaintiffs contend that each of the Defendants knowingly and willfully made a conscious choice to violate the FDCPA, because they had a financial incentive to press the boundaries of the FDCPA's prohibitions using collection, adverse actions and scare tactic techniques, thereby violating the Plaintiffs consumer rights and federal law, because Defendants have a high degree of awareness and know that the statutory damages for their violations are miniscule compared to their overall profit, and this practice is misleading, fraudulent, extortionate, and to the Plaintiffs financial detriment.

**86.** LVNV voluntarily purchased the alleged defaulted account from COB which both Defendants believed was a debt in default, and its collection activities were based on that understanding. LVNV then assigned the alleged debt to RCS for collection, and RCS attempted to collect on a debt that **"it asserted to be in default"** and because that asserted default was believed by LVNV and RCS to have existed when LVNV acquired the alleged debt from COB, LVNV and COB are not outside the scope of the Act, and are therefore liable under the Act as follows;

**87.** Plaintiff s are informed and believe and thereon alleges that LVNV and RCS failed to abide by the requirements of the FDCPA, **§ 1692 f(1)** by Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law, because LVNV paid less for the debt and is attempting to collect the full amount stated by Defendant COB, in violation of **§1692e (2)** by misrepresenting the character, amount, or legal status of the alleged debt, and a violation of **§ 1692 f(8)** by placing a QR Code on the letter which can be seen in window envelope, which is a symbol/bar code that can be read and used by anyone with a smart phone that could easily scan it and read its contents, which places the Plaintiff in danger of potential identity theft.

**88.** Plaintiff is informed and believes and thereon alleges that Defendants violated **1692e**, by using false, deceptive, or misleading representation or means in connection with the debt collection, and each defendant attempted to collect amounts allegedly owed by the Plaintiffs, knowing the amounts were inaccurate billing errors which resulted in misleading the Plaintiffs and causing them financial injury and deliberately obstructing the Plaintiffs from obtaining their right to credit.

**89.** Plaintiff is informed and believes and thereon alleges that, Defendant COB has violated 15 U.S.C. **§1692d** by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person, by repeatedly sending Plaintiff monthly payment statements, despite the fact plaintiffs sent them billing error notices of the inaccuracies of the accounts, and by asserting a right which they lacks, to wit, the right to enforce a debt on accounts which contain serious inaccuracies, and Defendants failure to provide authenticated evidence to the contrary. **(See Plaintiffs EXHIBITS A, E and I)**

**90.** Plaintiff s are informed and believe and thereon alleges that the Defendants LVNV and RCS violated **15 USC 1692g(b)** by failing to cease collection activity until the alleged debt was validated and verified as accurate, to the contrary, Defendants failed to validate and provide proper verification the alleged indebtedness , and continued aggressive collection activity

against the Plaintiffs , and the forgoing acts by Defendants were willful, knowing, intentional, persistent, frequent, and devious violations of **15 USC 1692g (1) by falsely claiming** the amount of the debt, when in fact, LVNV paid less for the debt and chose to claim it was owed the full amount listed on the Plaintiffs account information it purchased from COB, and Defendants were negligent, knowing and willful when it communicated false information to the Plaintiffs. **(See Plaintiffs EXHIBITS B, F and J)**

**91.** Plaintiff s are informed and believe and thereon alleges that LVNV and RCS violated **§ 1692 e(2)** by falsely stating the character, amount, and legal status of the alleged debt, where there is no nexus between Plaintiffs  and LVNV and RCS, Plaintiff never entered into a transaction with Defendants and the alleged debt they are attempting to collect did not arise from the transaction that created the debt.

**92.** Plaintiff s are informed and believe and thereon alleges that each of the Defendants 'conduct violated 15 U.S.C. **§1692e(2)(A),** because they falsely and deceptively misrepresented to Plaintiffs that they were in default and owed various different amounts on their accounts, which contained serious billing errors and accounting inaccuracies. Defendants knowingly and intentionally continued to attempt to collect such amounts by falsely representing the character, amount and legal status of the debt and by stating that Plaintiffs are in Default and owe a debt, when in fact, the legal status of the alleged debt is non-existent, because the COB accounts were insured against loss, and COB took a tax credit from the IRS when it charged off the accounts, and COB cashed in on the default Insurance, therefore the forgoing acts by COB were willful, knowing, intentional, persistent, frequent, and devious violations of **15 USC 1692e(2)(A).**

**93.** Plaintiffs are informed and believe and contend that all debts claimed to be owed by Defendants are assumed and presumed, and LVNV and RCS actions fall directly within the ambit of the **FDCPA 15 USC §1692 e,** because LVNV cannot merely create file/account numbers out of the ether and attach them to the Plaintiffs, and assume they are the current creditor, being that these file account numbers are false, deceptive and misleading representations in connection with the collection of a contrived non-existent debt that could not possibly be in default, as there never was a contractual transaction, written,  express or implied between any of the Plaintiffs and LVNV or RCS, and the defendants lack standing to collect a debt based on contrived and/or creative file account numbers, which is stated on each of defendants written  communications with Plaintiffs. **(See EXHIBITS B, F and J)**

**94.** Plaintiffs believe and therefore contend that, it is impossible for a consumer to have a transaction with the debt collector, and it's just as impossible for a debt collector to have a reasonable expectation of a transaction with a consumer, its *de facto.* Additionally, Defendants attempts to coerce payment for a contrived debt are merely borne out of assumptions and presumptions, and fall within the ambit of illusion.

**95.** Plaintiffs believe and therefore contend that when LVNV voluntarily purchased a debt from COB with the knowledge that it may not be paid, and is rightly considered not to have acquired a debt asset but to have made a gratuity to COB, and in fact, when the sale of the Plaintiffs accounts between COB and LVNV took place, a new contract was formed solely between LVNV and COB, the Plaintiffs were not present for it, they were not signatory to it and they are not liable to it.

**96.** Plaintiffs believe and therefore contend that Defendants violated **§1692f** by using unfair or unconscionable means to collect or attempt to collect the alleged debt, by repeatedly sending false inaccurate and misleading information to the Plaintiffs through the US mail, resulting in an ongoing dispute over the same inaccurate accounting, causing the Plaintiffs time and financial injury by having to pay for certified mail postage to continuously correspond with Defendants in an attempt to resolve the ongoing dispute and avoid litigation, all to no avail, because each of Defendants response were incomplete, unresponsive, misleading and not factual.

**97.** Defendants LVNV and RCS violated **§1692 f(1)** by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law, as no such agreement or contract exists between Plaintiff and Defendants. Defendants did in fact, furnish a contrived file account number of its own, to mislead Plaintiffs, when in fact, the alleged debt it is attempting to collect did not arise out of a transaction that created the alleged debt.

**98.** Plaintiffs believe and therefore contend that Defendants LVNV and RCS violated **15 USC 1692c,** by using deceptive forms and hearsay papers sent through the US mail, and proof by assertion, as a means to instill fear and coerce payment of a non-existent debt, also in violation of **1692j (a),** which states, It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating, and Defendants did so to benefit its principal.

**99.** Plaintiffs believe and therefore contend that Defendant **LVNV** violated **§15 USC 1692d,** by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any consumer. Defendant LVNV furnished false and inaccurate information to Equifax and Experian, resulting in damage to Plaintiff **Grisham's** credit worthiness and defamation of his personal and financial character, such as with intent to coerce payment of a nonexistent debt.

**100.** Plaintiff, Grisham believes and therefore contends that Defendant LVNV violated **15 USC §1692d(1)** by using unlawful and threatening means to harm Grisham's personal and financial reputation, by placing its tradeline on his Transunion, Equifax and Experian consumer credit reports, because his consumer credit report is his personal and financial reputation, and LVNV did so to coerce payment of a nonexistent debt, which LVNV failed to validate and verify as accurate or lawfully owed. **(See Grisham EXHIBIT G)**

**101.** Plaintiffs believe and therefore contend that Defendants violated 15 USC 1692c (c ) (1), after being notified that the debt is disputed, failing to validate and verify the alleged indebtedness, failure to cease communications, and continued its aggressive collection activity.

**102.** Plaintiffs believe and therefore contend that Defendant **COB** violated **§15 USC 1692d,** by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person, by furnishing false and inaccurate information to Equifax, Transunion and Experian, resulting in damage to each of the Plaintiffs credit worthiness and defamation of their personal and financial character, such as with intent to coerce payment of a debt COB failed to validate and verify as accurate, and did so in disregard of Plaintiffs Notice of Rescission. **(See EXHIBITS C, G and K attached hereto)**

**103.** Defendant violated **§1692 e(8)** by communicating false and misleading information to a Credit Reporting Agency, which is known or should be known to be false, including the failure to communicate to the CRA's the actual amount LVNV paid when it purchased the alleged debt account from COB. Defendants **LVNV** was negligent and willful when it communicated false information to the CRA's that Plaintiff **Grisham** owed **$1,315.00,** when LVNV paid much less for the alleged debt account, and to date, LVNV have failed to correct the misleading and inaccurate accounting and/or delete its tradeline.

**104.** Plaintiff s are informed and believe and therefore contend that, according to the Assumption of Risk Doctrine, ***"Volenti non fit injuria,"*** "to a willing person it is not a wrong." This legal maxim holds that a person who knowingly and voluntarily risks danger cannot recover for any resulting injury. LVNV, knowingly and willingly purchased the

alleged debt with full knowledge of the risks and consequences. Therefore, LVNV cannot claim financial injury or damage for a risk they voluntarily assumed as an asset, with no guarantee of a financial benefit.

**105.** The communications Plaintiffs received from Defendants is proof that Defendants violated the FDCPA, and has voluntarily, deliberately and willfully Defamed Plaintiffs personal and financial character through its negligence and unwillingness to abide by federal law, all to benefit its principal. The fact that Defendants are willing or has made the business decision to use trickery and subterfuge to attempt to take an asset from Plaintiffs and give nothing in return is prohibited by the 5th amendment. Plaintiffs hard earned assets are their property, and cannot be lost by Defendants stroke of an ink pen This is unethical behavior.

**WHEREFORE**, Plaintiffs demand compensation from Defendants for each of its violations and abusive debt collection actions stated herein, in the amount of $1,000 per each violation of the FDCPA, pursuant to **15 USC §1692k,** plus actual damages sustained by plaintiff as a result of Defendants illegal and unlawful actions, including all costs and fees in the filing of this court action.

## COUNT II

### VIOLATIONS OF THE TRUTH IN LENDING ACT,
### TILA 15 USC §1601 *et seq*. AGAINST CREDIT ONE BANK, N. A.

**106.** Plaintiffs re-allege and incorporates all preceding paragraphs as fully set forth herein.

**107.** Defendant triggered estoppel through its omissions and inaction, because COB had a duty to disclose facts and chose to remain silent, therefore COB has waived any right to challenge this matter.

**108.** **15 U.S. Code § 1602 - Definitions and rules of construction - (f)** The term "credit" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

**109.** **Per the FTC:** This Act, amending the Truth in Lending Act, requires prompt written acknowledgment of consumer billing error. The amendment prohibits creditors from taking actions that adversely affect the consumer's credit standing until an investigation is completed, and Defendants investigation of the Plaintiffs billing error disputes were not properly investigated or completed, yet Defendants chose to take adverse action against the

Plaintiffs and report to the CRA's that each of the Plaintiffs accounts were verified as accurate, when in fact, each account contains serious inaccuracies.

**110.**   Plaintiff has been misinformed, through misrepresentation and/or misinformation and/or failure to act and/or a failure to inform and/or a failure to inform and/or a failure to prevent, and Plaintiff only sought to bring the billing error to COB and was denied this right via various gatekeeping practices by COB, the insured party.

**111.**   Defendant COB failed to cure any of the deficiencies identified the Plaintiffs previous attempts to gain information and documentation in their notices of billing errors and inaccurate accounting, even after Plaintiffs sent them notice and opportunity to cure, they failed to send Plaintiffs the authenticated evidence of the accounting, and therefore lack standing to collect any amounts allegedly owed, unless they are able to produce a witness with firsthand knowledge and produce authenticated evidence to the contrary. **(see plaintiffs EHIBITS A, E, and I)**

**112.**   Upon information and belief Plaintiffs contend that COB exercised trickery and subterfuge, by concealment of it's in house accounting records, willfully withheld disclosures and pertinent information regarding the Plaintiffs accounts, and engaged in cunning gatekeeping strategies to achieve undeserved profits to the Plaintiffs detriment, such as with intent.

**113.**   Defendant failed to comply with billing error provisions under TILA, namely the **FCBA, 15 USC §1666, and** failure to comply with the error resolution procedures may result in the forfeiture of disputed amounts as prescribed in section **(e)** of the Act. Any failure to comply may also be a violation subject to the liability provisions under **15 USC §1640 (a) (i),** for actual damages and twice the finance charge in connection with the transactions.

**114.**   Plaintiffs are informed and believe and thereon contend that, COB failed to conduct a proper investigation of the billing error and inaccurate accounting, thereby violating **15 USC §1611** – whoever willfully and knowingly **(1)** gives false or inaccurate information or fails to provide information which he is required to disclose under the provisions of this subchapter or any regulation issued thereunder, **(3)** otherwise fails to comply with any requirement imposed under this subchapter, shall be fined not more than $5,000.

**115.**   Defendant COB violated 15 USC §1666 which clearly states, **(b)BILLING ERROR** - For the purpose of this section, a "billing error" consists of any of the following: **(2)** A reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof. Defendant COB failed to provide

documentary evidence of the accounting when requested by Plaintiffs, in direct violation of 15 USC 1666 (b)(2) and sec. ( C), and instead of sending Plaintiffs the documentary evidence that was requested, COB repeatedly sent the Plaintiffs statements of accounts.

**116.** Defendants triggered **estoppel by silence** when they should have disclosed pertinent information related to the accounts from their inception, to the contrary Defendants chose to remain silent and evade responding to the Plaintiff's billing error disputes, by sending them monthly statements of account, and self serving baseless communication as a means to avoid culpability and continuing to mislead the Plaintiffs to their financial detriment.

**117.** Pursuant to the Truth in Lending Act, **15 USC §1605 (a) (5),** it is lawful for Defendants to purchase default insurance, known as a credit default swap, against any potential monetary loss, which is a well known practice of all creditors who offer and extend credit to consumers, and the Plaintiffs believe and contend that COB purchased this guarantee insurance to protect itself against any loss without the Plaintiffs knowledge or written consent, and chose to omit this material fact from Plaintiffs, in violation of **15 USC §1640(a) (1) and (i),** and are liable for damages twice the amount of the finance charge in connection with the Plaintiffs consumer credit transactions, and §1605 **(a)** (b), sec **(2)** clearly states; in order to obtain the insurance in connection with the extension of credit, the person to whom the credit is extended must give specific affirmative written indication of his desire to do so after written disclosure to him of the cost thereof.

**118.** Plaintiffs are informed and believe and contend that COB lacks a fully executed two party contract, they never provided full disclosure and they took no equal risk There is no justification for these unfair practices, other than to maximize COB's revenue. Aside from being unfair and unjust, these practices breach contract promises made in COB's adhesion contracts—contracts which fail to inform accountholders, and in fact, misrepresent, the true nature of COB's processes and practices when it comes to the accounting. These practices also exploit contractual discretion to gouge the consumer accountholders.

**119.** Cob knew the Plaintiffs accounts had been rescinded, due to their Notice of rescission, and COB's failure to provide the necessary documentary proof prior to Plaintiffs commencing suit constituted frivolous conduct, and defendant has no standing. "Given the sparse evidence presented, and the sale of Plaintiffs accounts to debt buyer LVNV, and its frequent pursuit of claims that lack proper documentation, is a blatant violation of 15 USC 1635(f). The Plaintiffs accomplished rescission when they informed COB, and COB failed to acknowledge or contest the timely Notice of Rescission.

**120.** COB **lacks a fully executed two party contract, they never provided full disclosure and they took no equal risk** There is no justification for these unfair practices, other than to maximize COB's revenue. Aside from being unfair and unjust, these practices breach contract promises made in COB's adhesion contracts—contracts which fail to inform accountholders about, and in fact, misrepresent, the true nature of COB's processes and practices when it comes to the accounting. These practices also exploit contractual discretion to gouge the consumer Plaintiff accountholders.

*121.* *"Silence can only be equated with fraud when there is a legal or moral duty to speak, or when an inquiry left unanswered would be intentionally misleading...*Plaintiffs cannot condone this shocking conduct.

**WHEREFORE,** the Plaintiffs do hereby request, as is their right, compensation for the total value of each claim against each of the defendants listed in this matter, individually, severally, in their separate capacities as is cognizable in law. This is not only for the value of the credit the Plaintiffs were denied, also for the value of the COB credit card accounts, insurance claims, and or tax benefits received by defendants, in addition Plaintiffs demand compensation from Defendants for each of its violations of the TILA, and twice the amount of the finance charge in connection with the transactions from their inception.

**COUNTIII**

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,**

**FCRA, 15 USC §1681** *et seq.* **AGAINST DEFENDANTS**

**CREDIT ONE BANK AND LVNV FUNDING, LLC**

**122.** Plaintiffs re-allege and incorporates all preceding paragraphs as fully set forth herein.

**123.** Plaintiffs are consumers as defined by 15 USC 1681 a(c) of the Fair Credit Reporting Act, and this applies to Plaintiffs creditworthiness, credit standing, character, general reputation, personal characteristics, or mode of living is assessed for purposes like credit, insurance, or employment.

**124.** According to the CFPB 2012 Publication, Reporting to credit reporting agencies and other consumer reporting agencies by creditors is voluntary and has historically has been. **(See CFPB Publication attached hereto)**

**125.** Defendants COB and LVNV are Furnishers of information, who regularly in the course of business furnish active account information to the national CRA's on a monthly basis. As furnishers, they have legal obligations under the Fair Credit Reporting Act (FCRA) to ensure the information they provide is accurate and complete.

**126.** The FCRA Section 1681s-2(b), defines the Duties of Furnishers of Information Upon Notice of Inaccuracies.

**127.** The Plaintiffs can show that COB' continued inclusion of unverified information on their consumer reports (that is, information that should have been deleted) has indeed caused them harm, and the actual damages are attributable to COB's failure to fulfill its obligations under Section 1681s-2(b), by COB' negligent and inadequate investigations is the proximate cause of the damages sustained by the Plaintiffs, Manzano, Grisham and Torrez. A reasonable investigation would have uncovered that the disputed information was inaccurate, and that is the core question this case presents.

**128.** Defendant LVNV also a knowingly and willfully violated of 1681-s (2)(b), and Plaintiff Grisham can show that LVNV' continued inclusion of unverified information on his consumer reports (that is, information that should have been deleted) has indeed caused him reputational harm, and the actual damages are attributable to LVNV's failure to fulfill its obligations under Section 1681s-2(b), by LVNV and RCS' negligent and inadequate responses to Grisham' notices of dispute is the proximate cause of the damages sustained by Grisham. A reasonable investigation would have uncovered that the disputed information was not only inaccurate but also invalid and unverified. **(See EXHIBIT F)**

**129.** Defendants COB and LVNV have a deliberate policy of refusing to correct credit reports that contain inaccuracies when requested to do so by the Plaintiffs and their aforesaid policy constitutes a reckless and willful disregard of the FCRA which governs a furnishers practices when it comes to inaccuracies. As a result of the conduct, actions and inactions of Defendants, the Plaintiff Grisham suffered damage by loss of credit, loss of the ability to purchase and benefit from credit. **(See EXHIBIT H attached hereto)**

**130.** By Defendant LVNV furnishing its negative tradeline on Grisham's credit report, is not only **malicious and vindictive**, it does not create an obligation to pay LVNV an unverified debt. In fact LVNV knowingly and willfully violated **15 USC 1681b**, without a permissible purpose and without Grisham's consent given directly to LVNV, causing injury to his credit file and credit score, as Plaintiff did not initiate a business transaction with LVNV, nor does LVNV's tradeline result from a legitimate business transaction, and section **(i) specifically**

**states,** in connection with a business transaction that is initiated by the consumer. Therefore LVNV had no permissible purpose to obtain Grisham's credit reports or furnish is tradeline on his credit reports.

**131.** **Defendant** COB charged off the Plaintiffs accounts and took a tax credit from the IRS, failed to send Plaintiffs a 1099c, then furnished a charge off on their credit reports, which is considered income to the Plaintiffs, according to the **2024 IRS publication 4681**, and income is not reported to the three NCRA's, and COB had a high degree of awareness that its actions would be destructive to Plaintiffs reputation, credit files and credit scores, so how can COB furnish and certify a statement on the Plaintiffs credit files, which states in part; *the FCBA disputes are now resolved.*

**132.** Since this has happened to Plaintiff Grisham by Defendants COB and LVNV in precisely the same manner, this proves there is a system of collusion between the Defendants, since COB and LVNV are affiliated with Sherman Financial Group, which is a privately held company that is connected to Credit One Bank, and Credit One Bank is owned by Sherman through common beneficial ownership, and is one of the most aggressive and egregious Debt Buyers in the United States, and debt buyer LVNV is part of the Sherman family as well, this relationship and Defendants violations of the FCRA 15 USC 1681 s-2(b) fall within the ambit of collusion, and a serious conflict of interest.

**WHEREFORE,** Plaintiffs demand compensation from Defendant for each of its violations and abusive debt collection actions stated herein, in the amount of $1,000 per each violation of the FDCPA, pursuant to 15 USC §1692k, plus actual damages sustained by plaintiff as a result of Defendants illegal and unlawful actions, including all costs and fees in the filing of this court action.

**COUNT IV**

**VIOLATIONS OF THE GRAM LEACH BLILEY ACT,**

**GLBA, 15 USC §6801 - §6827 *et seq*. AGAINST CREDIT ONE BANK, NA,**

**133.** Plaintiffs re-allege and incorporates all preceding paragraphs as fully set forth herein.

**134.** Plaintiffs are consumers as defined by **15 USC 1681 a(c)** of the Fair Credit Reporting Act, and this applies to Plaintiffs creditworthiness, credit standing, character, general reputation, personal characteristics, or mode of living is assessed for purposes like credit, insurance, or employment.

**135.** Defendant COB failed to abide by the **GLBA, 15 USC §6821**, which states in part; **(a)** It shall be a violation of this subchapter for any person to cause to be disclosed or attempt to cause to be disclosed to any person, customer information of a financial institution relating to another person, and COB did in fact sell Plaintiffs private account information to third party LVNV, in blatant violation of federal law, of which equates to willful and knowing, such as with intent to benefit its principal. The fact that COB sold LVNV Plaintiffs personal and private account information, and LVNV having possession of Plaintiffs personal and private information is an invasion of a legally protected interest.

**136.** Plaintiff has been misinformed, through misrepresentation and/or misinformation and/or failure to act and/or a failure to inform and/or a failure to inform and/or a failure to prevent, and Plaintiff only sought to bring the billing error to COB and was denied this right via various gatekeeping practices by COB, the insured party.

**137.** Defendant COB is a financial institution **as** defined in 18 U.S. Code § 20, as an entity, national or international, that deals primarily in business related to financial or/and monetary transactions, deposits, investments currency exchange, or any other transaction of similar nature. Therefore, Defendant is subject to and liable for violations of the GLB Act, **15 U.S.C. 6801** *et seq.* as follows;

**138.** **Title V of the Gramm-Leach-Bliley Act 15 U.S.C. 6801(a) PRIVACY OBLIGATION POLICY - (3)** to protect against unauthorized access to or use of such records or information which could result in substantial harm or inconvenience to any customer. The Defendant COB must comply with the Safeguards Rule, which requires covered financial institutions to develop, implement, and maintain an information security program with administrative, technical, and physical safeguards designed to protect customer information,

**139.** Upon information and belief Plaintiffs contend that COB knowingly and willfully violated of **15 USC 6821(a)** by disclosing the Plaintiffs private and personal account information to LVNV, despite having received the Plaintiffs Notice of Rescission, of which COB failed to acknowledge or contest, prior to its Notice of sale to LVNV, and further violating section **(2)** by providing a certification document to the third party NCRA's about each of Plaintiffs accounts being verified as accurate and charged off, showing inaccurate balances owed, after being notified by Plaintiffs the accounts contained inaccuracies, and failing to address and correct the same.

**140.** Defendants COB failed to comply with the requirements of the Equal Credit Opportunity **Act 15 USC §1691 (a) (3)** by discriminating against Plaintiff for exercising their consumer

rights, and Defendants took further adverse action by use of financially-destructive, character-assassinating retaliatory tactics to punish Plaintiffs, by furnishing inaccurate account information on Plaintiff's credit reports, and defamation arises from Defendant's false and misleading communication that exposes Plaintiffs to distrust, hatred, contempt, and ridicule, and of which causes the plaintiffs to be avoided by Defendants use of false, defamatory and inaccurate account information on their consumer credit files, Section **1692a(2)** of the FDCPA defines a "communication" as the "conveying of information regarding a debt directly or indirectly to any person through any medium. The defaming defendant adverse actions are the result of Plaintiffs applications for credit being denied. **(See adverse action letters attached hereto as EXHIBIT – D, H and L)**

**141.** Defendant violated the GLB Act, 15 USC §6802, as the failed in their obligation with respect to disclosures of Plaintiffs personal information, and failed to provide Plaintiff with the required disclosure, specifically sections (b), (1), (A) and (B) as follows;

**OPT OUT (1)** A financial institution may not disclose nonpublic personal information to a nonaffiliated third party unless; **(A)** such financial institution clearly and conspicuously discloses to the consumer, in writing or in electronic form or other form permitted by the regulations prescribed under section 6804 of this title, that such information may be disclosed to such third party; Defendant was negligent and did in fact NOT communicate with Plaintiff via any medium, and provide and disclose to Plaintiff, clearly and conspicuously that such information would be disclosed to third parties. This section §6802 requires three disclosures, not just one, and the consumer Plaintiffs are given the opportunity, before the time that such information is initially disclosed, to direct that such information not be disclosed to such third party; and COB was negligent and in fact failed to give Plaintiff the opportunity to direct that such information not be disclosed to such third party.

**142.** Defendant COB was negligent and failed to comply with the Safeguards Rule, which requires covered financial institutions to develop, implement, and maintain an information security program with administrative, technical, and physical safeguards designed to protect customer information, and it is unknown to Plaintiffs if the unauthorized Defendants LVNV and RCS have safe guards in place to protect the Plaintiffs privacy, which Defendants infringed upon when it purchased Plaintiffs private personal and account information from COB.

**WHEREFORE,** Plaintiff demands compensation from Defendants for its violations and abusive actions stated herein, in the amount of $1,000 per violation of the GLB Act 15 USC §6801 *et seq.*.

## COUNT V

### VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT, ECOA, 15 USC §1691 *et seq.* against DEFENDANTS CREDIT ONE BANK, N. A.,

**143.** Plaintiffs re-allege and incorporates all preceding paragraphs as fully set forth herein.

**144.** Defendants COB failed to comply with the requirements of the Equal Credit Opportunity **Act 15 USC §1691 (a) (3)** by discriminating against Plaintiff for exercising their consumer rights by send COB Notices of Billing errors and inaccurate accounting, and Defendants took further adverse action by use of financially-destructive, character-assassinating retaliatory tactics to punish Plaintiffs, by furnishing inaccurate account information on Plaintiff s credit reports, and defamation arises from Defendant's false and misleading communication that exposes Plaintiffs to distrust, hatred, contempt, and ridicule, and of which causes the plaintiffs to be avoided by Defendants use of false, defamatory and inaccurate account information on their consumer credit files, Section **1692a(2)** of the FDCPA defines a "communication" as the "conveying of information regarding a debt directly or indirectly to any person through any medium. The defaming defendant adverse actions are the result of Plaintiffs applications for credit being denied. **(See adverse action letters attached hereto as EXHIBIT – D, H and L)**

**145.** Defendant LVNV failed to comply with the requirements of the Equal Credit Opportunity **Act 15 USC §1691 (a) (3)** by discriminating against Plaintiff Grisham for exercising his consumer rights by sending Notices of Dispute about its inaccurate accounting on his consumer credit reports, and Defendants took further adverse action by use of financially-destructive, character-assassinating retaliatory tactics to punish Plaintiff, by furnishing inaccurate account information on his credit reports, and defamation arises from Defendant's false and misleading communication that exposes him to distrust, hatred, contempt, and ridicule, and of which causes Grisham to be avoided by LVNV' use of false, defamatory and inaccurate collection account information on his consumer credit files. Section **1692a(2)** of the FDCPA defines a "communication" as the "conveying of information regarding a debt directly or indirectly to any person through any medium. The defaming defendant LVNV' unfair and discriminatory practices and adverse actions are the

result of Plaintiffs applications for credit being denied. **(See adverse action letter EXHIBIT – D, attached hereto)**

   **WHEREFORE,** Plaintiffs demand compensation from each Defendant for its violations and abusive actions stated herein, in the amount of $1,000 per violation of the ECOA 15 USC §1691*et seq*., and actual damages for its defamation of Plaintiffs personal and financial character, and for actual damages of the loss of credit they applied for and were denied.

## PRAYER FOR RELIEF

1. Plaintiff incorporates all preceding paragraphs as fully set forth herein.
2. Each violation of the FDCPA by Defendants COB and LVNV is a separate and distinct violation of the FDCPA 15 U.S.C. §1692 *et seq.,* The FCRA 15 USC §1681et seq., TILA and FCBA 15 USC §1666 et seq., ECOA 15 USC 1691 et seq.,
3. Plaintiff respectfully prays that this court will enter judgment as follows;

   1. Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000, against each Defendant for each of its violations of the FDCPA,

   2. Awarding Plaintiffs statutory damages pursuant to 15 USC §1692 et seq. of $1,000 for each violation as knowing and/or willful violations of the FDCPA;

   3. Awarding Plaintiff statutory damages pursuant to 15 USC §1681o and 1681n of $1,000 for each violation as knowing and/or willful violations of the FCRA,

   4. Awarding Plaintiffs statutory damages pursuant to 15 USC **§1640(a) (1) and (i)** for twice the amount of each violation as knowing and/or willful violations of the TILA and FCBA,

   5. Awarding each Plaintiff actual damages pursuant to Defendants defamation of Plaintiffs personal and financial character, which resulted in their refusal of credit.

   6. Awarding Plaintiffs their time, out of pocket expenses, and all other costs and fees incurred in the filing of this action;

   7. Award such further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues triable as a matter of law.

## VERIFICATION

The undersigned are over the age of 18 and competent to certify that the above statements are true, correct, complete and not misleading, to the best of their knowledge, except those statements that are based upon information and belief. The undersigned understand that a false statement in this Verified Complaint may subject them to penalties of perjury.

Respectfully submitted:       Dated this 16TH day of October, 2025

By, _____
Jacqueline Manzano
401 Paradise Heights Drive
Berryville, AR 72616
702-788-0599
Jmdesigns88@proton.me

By, _____
Alton Grisham
870-350-3185
AG-84proton.me@proton.me

By, _____
Pete Torrez
702-788-0637
ptorrez54@aol.com
*Joinder Plaintiffs, in proper person*

## 3.1.1 Furnisher Incentives and Disincentives

Reporting to credit bureaus and other consumer reporting agencies by creditors is voluntary and historically has been. Not all creditors report information about their borrowers. Some creditors report information about users of some of their credit products, but not others. For example, credit card issuers who issue revolving credit to consumers usually report trade line information monthly on consumer cards but are less likely to report on small business cards even when these are owed by, and underwritten based on, the personal credit history of the business owner.

Furnishers have multiple incentives to contribute data to the NCRAs. Individual contributors recognize that the cross-company, cross-industry visibility into credit risk offered by a credit bureau depends on widespread creditor participation. If a company elects not to contribute data, it runs the risk that its peers will not contribute data, thus reducing a common resource from which creditors benefit. As indicated above, most furnishers of trade line information to the NCRAs are also large users of credit reports.

A second reason creditors furnish information on their accounts is to maintain an incentive for their borrowers to make timely repayments. Consumers are more likely to repay creditors if they are aware that a creditor may report late payments or delinquent accounts to the NCRAs, which could negatively affect their credit history and/or credit score. Consumers also get the benefit of having their timely payments reported, which will positively impact lenders' views of their credit worthiness.

There are also disincentives for creditors to report on their borrowers to the NCRAs.[38] For example, the names of individuals who borrow and make loan payments on time may be included in prescreened lists that NCRAs and other CRAs sell, providing these borrowers with account offers from competing lenders. Reporting to one or more of the NCRAs may require investment in specialized information systems. Further, data furnishers must follow FCRA requirements such as investigating disputes submitted directly[39] or indirectly through the NCRAs. Since furnishing data is voluntary, furnishers must consider whether the overall benefits of furnishing outweigh its costs.

## 3.1.2 Reporting Format

CDIA developed the Metro 2 guidelines in 1997, on behalf of the NCRAs and Innovis, as their standard for the electronic reporting of consumer trade line information. Metro 2 replaced the original Metro format developed in the late 1970s.[40] The format forms the basis by which furnishers provide updates on their borrowers' account status in bulk file submissions to one or more of the NCRAs, generally on a monthly basis. An obvious benefit of a shared data format is that all furnishers can report trade line information the same way. This simplifies the creation of standardized credit files by each of the NCRAs and simplifies the interpretation of credit information into risk-based credit scores.

Each Metro 2 electronic file submission has a furnisher header record, a series of base records on each borrower, supplementary records describing updates to the furnished trade lines, and a trailer record. A description of the various types of record segments and the information that Metro 2 allows furnishers to provide is offered below.

- **Metro 2 Header and Trailer Records**: Header and Trailer records form the bookends of a Metro 2 file submission. The header record is the first record provided in the Metro 2 file submission and is used to identify the furnisher and the activity period. It also contains the furnisher's unique identifier at the NCRA receiving the

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED



**$11.90**

2616
10/16/25
0407920216-02

**PRIORITY**®
**MAIL**

**ESS FIRMLY TO SEAL**

☑ Expected del
■ Domestic shi
■ USPS Tracki
☑ Limited inter
☑ When used i

*Insurance does n
Domestic Mail Ma
** See Internationa

FLAT F
ONE RATE ■

TRACK



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

onal destinations.

the

of coverage.

e free Package Pickup,
n the QR code.

S.COM/PICKUP


how2recycle.info
PAPER
POUCH

---

## PRIORITY MAIL®

1 Lb 9.30 Oz
**RDC 03**

EXPECTED DELIVERY DAY: 10/20/25

**C005**



SHIP
TO:
STE 510
35 E MOUNTAIN ST
FAYETTEVILLE AR 72701-5353

**USPS TRACKING® #**



9505 5102 6501 5289 6794 81



---

FROM:


**UNITED STATES POSTAL SERVICE**® | **PRIORITY**® **MAIL**

VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

FROM:

**Jacqueline Manzano**
**401 Paradise Heights Dr.**
**Berryville, AR 72616**

Received WD/AR

OCT 2 1 2025

U.S. Clerk's Office

**TO:**

US District Court
District of Arkansas
35 East Mountain St., # 510
Fayetteville, AR 72701

Label 228, December 2023    FOR DOMESTIC AND INTERNATIONAL US