## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## EL DORADO DIVISION

| | |
|---|---|
| **JACQUELINE MANZANO,**<br>**ALTON GRISHAM, and**<br>**PETE TORREZ,** | )<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| **v.** | )<br>)<br>) |
| **CREDIT ONE BANK, N.A,**<br>**RESURGENT CAPITAL**<br>**SERVICES, LP, and**<br>**LVNV FUNDING,** | **CIVIL ACTION NO. 3:25-cv-03072** |
| **Defendants.** | )<br>) |

## ANSWER OF DEFENDANT LVNV FUNDING, LLC

**COMES NOW** Defendant LVNV Funding, LLC ("LVNV") by and through undersigned counsel, specifically reserving the right to compel arbitration of the claims asserted by Plaintiffs Jacqueline Manzano, Alton Grisham, and Pete Torrez (collectively, "Plaintiffs"), and for its Answer to Plaintiffs' Complaint, states as follows:

### I.    INTRODUCTION

1.    Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 1 and, therefore, denies the same and demands strict proof thereof.

2.      LVNV admits Plaintiffs allege violations of the Fair Credit Billing Act ("FCBA"), the Truth in Lending Act ("TILA"), the Gramm-Leach-Bliley Act ("GLBA"), the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Equal Credit Opportunity Act ("ECOA"), but denies that Plaintiffs have stated any valid claim against LVNV that would entitle them to relief from LVNV, denies it committed any wrongdoing or violation of law, and demands strict proof thereof.

3.      Paragraph 3 states a legal conclusion to which no response is necessary. To the extent a response is required, LVNV admits that Plaintiffs defaulted on accounts owned by LVNV.

4.      LVNV denies the allegations in Paragraph 4 and demands strict proof thereof.

5.      LVNV denies the allegations in Paragraph 5 and demands strict proof thereof.

6.      LVNV denies the allegations in Paragraph 6 and demands strict proof thereof.

7.      LVNV denies the allegations in Paragraph 7 and demands strict proof thereof.

## II.    JURISDICTION AND VENUE

8.    The allegations set forth in Paragraph 8 call for legal conclusions to which no response is required. To the extent a response is required, LVNV admits that the Complaint purports to assert claims that give rise to federal question jurisdiction. Except as specifically admitted herein, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 8 and, therefore, denies the same and demands strict proof thereof.

9.    The allegations set forth in Paragraph 9 call for legal conclusions to which no response is required. To the extent a response is required, LVNV admits that it owns accounts of Arkansas residents. Otherwise, denied.

10.    The allegations set forth in Paragraph 10 call for legal conclusions to which no response is required. To the extent a response is required, LVNV admits that it owns accounts of Arkansas residents. Except as specifically admitted herein, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 10 and, therefore, denies the same and demands strict proof thereof.

11.    The allegations set forth in Paragraph 11 call for legal conclusions to which no response is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 11 and, therefore, denies the same and demands strict proof thereof.

12.    The allegations set forth in Paragraph 12 call for legal conclusions to which no response is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 12 and, therefore, denies the same and demands strict proof thereof.

13.    LVNV admits that Plaintiffs seek damages, but denies that Plaintiffs have stated any valid claim against LVNV that would entitle them to relief from Resurgent, denies it committed any wrongdoing or violation of law, and demands strict proof thereof.

### III.    PARTIES

14.    LVNV restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

15.    The allegations set forth in Paragraph 15 call for legal conclusions to which no response is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 15 and, therefore, denies the same and demands strict proof thereof.

16.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 16 and, therefore, denies the same and demands strict proof thereof.

17.    The allegations set forth in Paragraph 17 call for legal conclusions to which no response is required. To the extent a response is required, LVNV is without

sufficient knowledge and information to admit or deny the allegations in Paragraph 17 and, therefore, denies the same and demands strict proof thereof.

18.    The allegations set forth in Paragraph 18 call for legal conclusions to which no response is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 18 and, therefore, denies the same and demands strict proof thereof.

19.    The allegations set forth in Paragraph 19 call for legal conclusions to which no response is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 19 and, therefore, denies the same and demands strict proof thereof.

20.    The allegations set forth in Paragraph 20 call for legal conclusions to which no response is required. To the extent a response is required, LVNV denies that Plaintiffs have suffered any injury sufficient to confer standing on Plaintiffs.

21.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 21 and, therefore, denies the same and demands strict proof thereof.

22.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 22 and, therefore, denies the same and demands strict proof thereof.

23.    LVNV denies the allegations in Paragraph 23 as stated and demands strict proof thereof.

24.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 24 and, therefore, denies the same and demands strict proof thereof.

25.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 25 and, therefore, denies the same and demands strict proof thereof.

26.    LVNV admits only that part of its business includes the acquisition of past due accounts. Otherwise, denied.

27.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 27 and, therefore, denies the same and demands strict proof thereof.

28.    LVNV admits only that part of its business includes the acquisition of past due accounts. Otherwise, denied.

## IV.    LEAVE TO AMEND COMPLAINT

29.    LVNV admits only that Plaintiffs purport to reserve the right to amend the Complaint, but denies that Plaintiffs have any such right inconsistent with the Federal Rules of Civil Procedure and other applicable law.

## V.    STATEMENT OF FACTS AND ALLEGATIONS

30.    LVNV restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

31.    The allegations set forth in Paragraph 31 call for legal conclusions to which no response is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 31 and, therefore, denies the same and demands strict proof thereof.

32.    The allegations set forth in Paragraph 32 call for legal conclusions to which no response is required. To the extent a response is required, LVNV admits only that part of its business includes the acquisition of past due accounts. Otherwise, denied.

33.    The allegations set forth in Paragraph 33 call for legal conclusions to which no response is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 33 and, therefore, denies the same and demands strict proof thereof.

34.    The allegations set forth in Paragraph 34 call for legal conclusions to which no response is required. To the extent a response is required, LVNV admits only that Plaintiffs defaulted on accounts owned by LVNV. Otherwise, denied.

35.    LVNV denies the allegations in Paragraph 35 and demands strict proof thereof.

36.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 36 and, therefore, denies the same and demands strict proof thereof.

37.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 37 and, therefore, denies the same and demands strict proof thereof.

38.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 38 and, therefore, denies the same and demands strict proof thereof.

39.    LVNV denies the allegations in Paragraph 39 and demands strict proof thereof.

40.    LVNV denies the allegations in Paragraph 40 and demands strict proof thereof.

41.    LVNV denies the allegations in Paragraph 41 and demands strict proof thereof.

42.    LVNV denies the allegations in Paragraph 42 to the extent they are directed against LVNV and demands strict proof thereof.

43.    LVNV denies the allegations in Paragraph 43 and demands strict proof thereof.

44.     LVNV denies the allegations in Paragraph 44 and demands strict proof thereof.

## 1.     PLAINTIFF MANZANO'S STATEMENT OF FACTS AND ALLEGATIONS

45.     LVNV restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

46.     LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 46 and, therefore, denies the same and demands strict proof thereof.

47.     LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 47 and, therefore, denies the same and demands strict proof thereof.

48.     LVNV admits only that Plaintiffs defaulted on accounts owned by LVNV. Otherwise, denied.

49.     LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 49 and, therefore, denies the same and demands strict proof thereof.

50.     LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 50 and, therefore, denies the same and demands strict proof thereof.

51.    The allegations of Paragraph 51 state legal conclusions to which no response is required. To the extent a response is required, denied.

52.    LVNV denies the allegations in Paragraph 52 and demands strict proof thereof.

53.    LVNV denies the allegations in Paragraph 53 and demands strict proof thereof.

54.    LVNV denies the allegations in Paragraph 54 and demands strict proof thereof.

## 2.    PLAINTIFF GRISHAM'S STATEMENT OF FACTS AND ALLEGATIONS

55.    LVNV restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

56.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 56 and, therefore, denies the same and demands strict proof thereof.

57.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 57 and, therefore, denies the same and demands strict proof thereof.

58.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 58 and, therefore, denies the same and demands strict proof thereof.

59.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 59 and, therefore, denies the same and demands strict proof thereof.

60.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 60 as they pertain to Plaintiffs' actions and, therefore, denies the same and demands strict proof thereof.

61.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 61 and, therefore, denies the same and demands strict proof thereof.

62.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 62 and, therefore, denies the same and demands strict proof thereof.

63.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 63 and, therefore, denies the same and demands strict proof thereof.

### 3.    PLAINTIFF TORREZ' STATEMENT OF FACTS AND ALLEGATIONS

64.    LVNV restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

65.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 65 and, therefore, denies the same and demands strict proof thereof.

66.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 66 and, therefore, denies the same and demands strict proof thereof.

67.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 67 and, therefore, denies the same and demands strict proof thereof.

68.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 68 and, therefore, denies the same and demands strict proof thereof.

69.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 69 and, therefore, denies the same and demands strict proof thereof.

70.    The allegations set forth in Paragraph 70 reference correspondence exchanged between Plaintiffs and Defendant Resurgent, the contents of which

speaks for itself. LVNV denies any inconsistent characterizations or representations of the same. Otherwise, denied.

71.    The allegations set forth in Paragraph 71 reference certain text messages, the contents of which speaks for itself. LVNV denies any inconsistent characterizations or representations of the same. Otherwise, denied.

72.    The allegations set forth in Paragraph 72 reference a letter, the contents of which speaks for itself. LVNV denies any inconsistent characterizations or representations of the same. Otherwise, denied.

73.    The allegations set forth in Paragraph 73 reference a letter, the contents of which speaks for itself. LVNV denies any inconsistent characterizations or representations of the same. Otherwise, denied.

74.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 74 and, therefore, denies the same and demands strict proof thereof.

75.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 75 and, therefore, denies the same and demands strict proof thereof.

76.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 76 and, therefore, denies the same and demands strict proof thereof.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, FDCPA, 15 USC § 1692 *et seq*. AGAINST DEFENDANTS COB, LVNV AND RCS

77.    LVNV restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

78.    The allegations set forth in Paragraph 78 call for legal conclusions to which no response is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 11 and, therefore, denies the same and demands strict proof thereof.

79.    The allegations set forth in Paragraph 79 call for legal conclusions to which no response is required. To the extent a response is required, LVNV admits that it owns accounts of Arkansas residents. Except as specifically admitted herein, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 79 and, therefore, denies the same and demands strict proof thereof.

80.    The allegations set forth in Paragraph 80 call for legal conclusion and, therefore, no response is required. To the extent a response is required, LVNV admits only that the FDCPA speaks for itself and denies any inconsistent characterizations or representations of the same.

81.    The allegations set forth in Paragraph 81 call for legal conclusions to which no response is required. To the extent a response is required, denied as phrased.

82.    LVNV denies the allegations in Paragraph 82 and demands strict proof thereof.

83.    LVNV denies the allegations in Paragraph 83 and demands strict proof thereof.

84.    LVNV denies the allegations in Paragraph 84 and demands strict proof thereof.

85.    LVNV denies the allegations in Paragraph 85 and demands strict proof thereof.

86.    LVNV admits only that each Plaintiff defaulted on an account owned by LVNV and that each Plaintiff owed a past due amount on the account. Otherwise, denied.

87.    LVNV denies the allegations in Paragraph 87 and demands strict proof thereof.

88.    LVNV denies the allegations in Paragraph 88 and demands strict proof thereof.

89.    LVNV denies the allegations in Paragraph 89 to the extent they are directed against LVNV and demands strict proof thereof.

90.     LVNV denies the allegations in Paragraph 90 and demands strict proof thereof.

91.     LVNV denies the allegations in Paragraph 91 and demands strict proof thereof.

92.     LVNV denies the allegations in Paragraph 92 to the extent they are directed against LVNV and demands strict proof thereof.

93.     LVNV denies the allegations in Paragraph 93 to the extent they are directed against LVNV and demands strict proof thereof.

94.     LVNV denies the allegations in Paragraph 94 to the extent they are directed against LVNV and demands strict proof thereof.

95.     The allegations set forth in Paragraph 95 call for legal conclusions to which no response is required. To the extent a response is required, LVNV admits only that Plaintiffs defaulted on accounts owned by LVNV. Otherwise, denied.

96.     LVNV denies the allegations in Paragraph 96 and demands strict proof thereof.

97.     LVNV denies the allegations in Paragraph 97 and demands strict proof thereof.

98.     LVNV denies the allegations in Paragraph 98 and demands strict proof thereof.

99.    LVNV denies the allegations in Paragraph 99 and demands strict proof thereof.

100.    LVNV denies the allegations in Paragraph 100 and demands strict proof thereof.

101.    LVNV denies the allegations in Paragraph 101 and demands strict proof thereof.

102.    LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 102 and, therefore, denies the same and demands strict proof thereof.

103.    LVNV denies the allegations in Paragraph 103 to the extent they are directed against LVNV and demands strict proof thereof.

104.    The allegations set forth in Paragraph 104 call for legal conclusions to which no response is required. To the extent a response is required, denied.

105.    LVNV denies the allegations in Paragraph 105 and demands strict proof thereof.

## COUNT II

## VIOLATIONS OF THE TRUTH IN LENDING ACT, TILA 15 USC § 1601 *et seq*. AGAINST CREDIT ONE BANK, N.A.

106.    LVNV restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

107.    The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 107 and, therefore, denies the same and demands strict proof thereof.

108.    The allegations set forth in Paragraph 108 call for legal conclusions to which no response is required. To the extent a response is required, LVNV admits only that the referenced statute speaks for itself, and denies any inconsistent characterization by Plaintiffs.

109.    The allegations set forth in Paragraph 109 call for legal conclusions to which no response is required. To the extent a response is required, denied.

110.    LVNV denies the allegations in Paragraph 110 to the extent they are directed against LVNV and demands strict proof thereof.

111.    The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 111 and, therefore, denies the same and demands strict proof thereof.

112.    The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required,

LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 112 and, therefore, denies the same and demands strict proof thereof.

113.    LVNV denies the allegations in Paragraph 113 to the extent they are directed against LVNV and demands strict proof thereof.

114.    The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 114 and, therefore, denies the same and demands strict proof thereof.

115.    The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 115 and, therefore, denies the same and demands strict proof thereof.

116.    LVNV denies the allegations in Paragraph 116 to the extent they are directed against LVNV and demands strict proof thereof.

117.    The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the

allegations in Paragraph 117 and, therefore, denies the same and demands strict proof thereof.

118.   The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 118 and, therefore, denies the same and demands strict proof thereof.

119.   The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 119 and, therefore, denies the same and demands strict proof thereof.

120.   The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 120 and, therefore, denies the same and demands strict proof thereof.

121.   LVNV believes no response is necessary to Paragraph 121. To the extent a response is required, LVNV is without sufficient knowledge and

information to admit or deny the allegations in Paragraph 121 and, therefore, denies the same and demands strict proof thereof.

## COUNT III

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, FCRA, 15 USC § 1681 et seq. AGAINST DEFENDANTS CREDIT ONE BANK AND LVNV FUNDING, LLC

122. LVNV restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

123. The allegations set forth in Paragraph 123 call for legal conclusions to which no response is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 123 and, therefore, denies the same and demands strict proof thereof.

124. The allegations set forth in Paragraph 124 call for legal conclusions to which no response is required. To the extent a response is required, LVNV admits only that the referenced publication speaks for itself. Otherwise, denied.

125. The allegations set forth in Paragraph 125 call for legal conclusions to which no response is required. To the extent a response is required, LVNV admits only that the FCRA speaks for itself and denies any inconsistent characterization by Plaintiffs.

126. The allegations set forth in Paragraph 126 call for legal conclusions to which no response is required. To the extent a response is required, LVNV admits

only that the FCRA speaks for itself and denies any inconsistent characterization by Plaintiffs.

127.   The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 127 and, therefore, denies the same and demands strict proof thereof.

128.   LVNV denies the allegations in Paragraph 128 and demands strict proof thereof.

129.   LVNV denies the allegations in Paragraph 129 and demands strict proof thereof.

130.   LVNV denies the allegations in Paragraph 130 and demands strict proof thereof.

131.   The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 131 and, therefore, denies the same and demands strict proof thereof.

132.   LVNV denies the allegations of Paragraph 132 and demands strict proof thereof.

## COUNT IV

## VIOLATIONS OF THE GRAM LEACH BLILEY ACT, GLBA, 15 USC § 6801-§ 6827 *et seq*. AGAINST CREDIT ONE BANK, N.A.

133.   LVNV restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

134.   The allegations set forth in Paragraph 134 call for legal conclusions to which no response is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 134 and, therefore, denies the same and demands strict proof thereof.

135.   LVNV denies the allegations of this paragraph to the extent that are directed against LVNV and demands strict proof thereof.

136.   The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 136 and, therefore, denies the same and demands strict proof thereof.

137.   The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 137 and, therefore, denies the same and demands strict proof thereof.

138.   The allegations set forth in Paragraph 138 call for legal conclusions to which no response is required. To the extent a response is required, LVNV admits only that the GLBA speaks for itself and denies any inconsistent characterization by Plaintiffs.

139.   The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 139 and, therefore, denies the same and demands strict proof thereof.

140.   The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 140 and, therefore, denies the same and demands strict proof thereof.

141.   The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 141 and, therefore, denies the same and demands strict proof thereof.

142.   The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 142 and, therefore, denies the same and demands strict proof thereof.

## COUNT V

## VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT, ECOA, 15 USC § 1691 *et seq*. against DEFENDANTS [sic] CREDIT ONE BANK, N.A.

143.   LVNV restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

144.   The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 144 and, therefore, denies the same and demands strict proof thereof.

145.   LVNV denies the allegations of Paragraph 145 and demands strict proof thereof.

## PRAYER FOR RELIEF

1.    LVNV restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.[1]

2.    The allegations of this paragraph are not directed against LVNV and, therefore, no response from LVNV is required. To the extent a response is required, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 2 and, therefore, denies the same and demands strict proof thereof.

3.    In response to Paragraph 3 under the heading titled, "PRAYER FOR RELIEF" and all subparts thereto, as well as the unnumbered "WHEREFORE" paragraphs following Paragraphs 105, 121, 132, 142, and 145 of the Complaint, LVNV denies that Plaintiffs are entitled to any judgment, damages, costs, expenses, attorneys' fees, injunctive relief, or any other relief whatsoever and demands strict proof thereof.

## DEMAND FOR JURY TRIAL

In response to Plaintiffs' demand for a jury trial, LVNV admits that Plaintiffs request a trial by jury but denies that Plaintiffs have stated any valid claim against LVNV that entitles Plaintiffs to a jury trial and demands strict proof thereof.

---

[1] The numbering of the Complaint's paragraphs restarts under the heading titled, "PRAYER FOR RELIEF."

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiffs have entered into an arbitration agreement covering Plaintiffs' claims against LVNV, Plaintiffs' claims must be dismissed to arbitration.

### SECOND DEFENSE

Plaintiffs lack standing.

### THIRD DEFENSE

To the extent Plaintiffs' claims relate to conduct occurring beyond the applicable statute of limitations, they are time barred.

### FOURTH DEFENSE

To the extent Plaintiffs have filed for bankruptcy protection, the claims asserted against LVNV are barred by any bankruptcy case, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiffs are not the real parties in interest to bring the present claims and lacks standing to pursue the causes of action.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiffs, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiffs and does not give rise to any liability of LVNV.

## SIXTH DEFENSE

Plaintiffs' injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which LVNV had no responsibility or control and for which LVNV may not be held liable.

## SEVENTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any, and/or failed to act with reasonable diligence.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata, waiver, estoppel (including collateral estoppel and judicial estoppel), laches, release, consent, ratification, acquiescence, novation, unclean hands and/or other equitable doctrines due to Plaintiffs' own acquiescence, improper, or bad faith conduct.

## NINTH DEFENSE

Plaintiffs' Complaint fails to state a claim for relief.

## TENTH DEFENSE

LVNV affirmatively invokes any and all other available defenses pursuant to the FCRA, including that it properly investigated and responded to any and all disputes received from a credit reporting agency.

## ELEVENTH DEFENSE

LVNV denies that it is guilty of any conduct that would entitle Plaintiffs to recover punitive damages.

## TWELFTH DEFENSE

Plaintiffs' claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

## THIRTEENTH DEFENSE

Plaintiffs' claims for punitive damages cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Arkansas Legislature limiting awards of punitive damages or the amount of such damages.

## FOURTEENTH DEFENSE

Any violation of the law, which LVNV denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## <u>RESERVATION OF DEFENSES</u>

LVNV reserves the right to assert additional defenses as discovery progresses

in this case. To the extent that any of the foregoing allegations in the Complaint have

not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 28th day of November, 2025.

*/s/ Samuel A. Morris*

Samuel A. Morris, Esq. (AR No.
2021089)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone:  (615) 724-3258
Facsimile:  (615) 724-3358
Email: smorris@burr.com

Attorney for Defendant
LVNV FUNDING, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been electronically

filed with the Clerk of the Court using CM/ECF and has been served on the following

by U.S. First Class Mail on the 1st day of December, 2025:

> Jacqueline Manzano
> Alton Grisham
> Pete Torrez
> 401 Paradise Heights Drive
> Berryville, AR 72616
> *Pro se Plaintiffs*

> */s/ Samuel A. Morris*
> Samuel A. Morris