## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## EL DORADO DIVISION

| | |
|---|---|
| JACQUELINE MANZANO, ALTON GRISHAM, and PETE TORREZ, <br><br> Plaintiffs, <br><br> v. <br><br> CREDIT ONE BANK, N.A, RESURGENT CAPITAL SERVICES, LP, and LVNV FUNDING, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     CIVIL ACTION NO. 3:25-cv-03072 |

## ANSWER OF DEFENDANT RESURGENT CAPITAL SERVICES, L.P.

**COMES NOW** Defendant Resurgent Capital Services L.P. ("Resurgent") by and through undersigned counsel, specifically reserving the right to compel arbitration of the claims asserted by Plaintiffs Jacqueline Manzano, Alton Grisham, and Pete Torrez (collectively, "Plaintiffs"), and for its Answer to Plaintiffs' Complaint, states as follows:

## I.    INTRODUCTION

1.    Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 1 and, therefore, denies the same and demands strict proof thereof.

2.     Resurgent admits Plaintiffs allege violations of the Fair Credit Billing Act ("FCBA"), the Truth in Lending Act ("TILA"), the Gramm-Leach-Bliley Act ("GLBA"), the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Equal Credit Opportunity Act ("ECOA"), but denies that Plaintiffs have stated any valid claim against Resurgent that would entitle them to relief from Resurgent, denies it committed any wrongdoing or violation of law, and demands strict proof thereof.

3.     Paragraph 3 states a legal conclusion to which no response is necessary. To the extent a response is required, Resurgent admits that Plaintiffs defaulted on accounts serviced by Resurgent.

4.     Resurgent denies the allegations in Paragraph 4 and demands strict proof thereof.

5.     Resurgent denies the allegations in Paragraph 5 and demands strict proof thereof.

6.     Resurgent denies the allegations in Paragraph 6 and demands strict proof thereof.

7.     Resurgent denies the allegations in Paragraph 7 and demands strict proof thereof.

## II. JURISDICTION AND VENUE

8.     The allegations set forth in Paragraph 8 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent admits that the Complaint purports to assert claims that give rise to federal question jurisdiction. Except as specifically admitted herein, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 8 and, therefore, denies the same and demands strict proof thereof.

9.     The allegations set forth in Paragraph 9 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent admits that it services accounts of Arkansas residents. Otherwise, denied.

10.     The allegations set forth in Paragraph 10 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent admits that it services accounts of Arkansas residents. Except as specifically admitted herein, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 10 and, therefore, denies the same and demands strict proof thereof.

11.     The allegations set forth in Paragraph 11 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 11 and, therefore, denies the same and demands strict proof thereof.

12.     The allegations set forth in Paragraph 12 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 12 and, therefore, denies the same and demands strict proof thereof.

13.     Resurgent admits that Plaintiffs seek damages, but denies that Plaintiffs have stated any valid claim against Resurgent that would entitle them to relief from Resurgent, denies it committed any wrongdoing or violation of law, and demands strict proof thereof.

### III.    PARTIES

14.     Resurgent restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

15.     The allegations set forth in Paragraph 15 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 15 and, therefore, denies the same and demands strict proof thereof.

16.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 16 and, therefore, denies the same and demands strict proof thereof.

17.     The allegations set forth in Paragraph 17 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent is

without sufficient knowledge and information to admit or deny the allegations in Paragraph 17 and, therefore, denies the same and demands strict proof thereof.

18.     The allegations set forth in Paragraph 18 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 18 and, therefore, denies the same and demands strict proof thereof.

19.     The allegations set forth in Paragraph 19 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 19 and, therefore, denies the same and demands strict proof thereof.

20.     The allegations set forth in Paragraph 20 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent denies that Plaintiffs have suffered any injury sufficient to confer standing on Plaintiffs.

21.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 21 and, therefore, denies the same and demands strict proof thereof.

22.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 22 and, therefore, denies the same and demands strict proof thereof.

23.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 23 and, therefore, denies the same and demands strict proof thereof.

24.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 24 and, therefore, denies the same and demands strict proof thereof.

25.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 25 and, therefore, denies the same and demands strict proof thereof.

26.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 26 and, therefore, denies the same and demands strict proof thereof.

27.     The allegations set forth in Paragraph 27 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent admits only that part of its business includes the servicing of past due accounts. Otherwise, denied.

28.     Resurgent admits only that part of its business includes the servicing of past due accounts. Otherwise, denied.

## IV. LEAVE TO AMEND COMPLAINT

29.    Resurgent admits only that Plaintiffs purport to reserve the right to amend the Complaint, but denies that Plaintiffs have any such right inconsistent with the Federal Rules of Civil Procedure and other applicable law.

## V. STATEMENT OF FACTS AND ALLEGATIONS

30.    Resurgent restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

31.    The allegations set forth in Paragraph 31 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 31 and, therefore, denies the same and demands strict proof thereof.

32.    The allegations set forth in Paragraph 32 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent admits only that part of its business includes the servicing of past due accounts. Otherwise, denied.

33.    The allegations set forth in Paragraph 33 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 33 and, therefore, denies the same and demands strict proof thereof.

34.     The allegations set forth in Paragraph 34 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent admits only that Plaintiffs defaulted on accounts serviced by Resurgent. Otherwise, denied.

35.     Resurgent denies the allegations in Paragraph 35 and demands strict proof thereof.

36.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 36 and, therefore, denies the same and demands strict proof thereof.

37.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 37 and, therefore, denies the same and demands strict proof thereof.

38.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 38 and, therefore, denies the same and demands strict proof thereof.

39.     Resurgent denies the allegations in Paragraph 39 and demands strict proof thereof.

40.     Resurgent denies the allegations in Paragraph 40 and demands strict proof thereof.

41.     Resurgent denies the allegations in Paragraph 41 and demands strict proof thereof.

42.     Resurgent denies the allegations in Paragraph 42 to the extent they are directed against Resurgent and demands strict proof thereof.

43.     Resurgent denies the allegations in Paragraph 43 and demands strict proof thereof.

44.     Resurgent denies the allegations in Paragraph 44 and demands strict proof thereof.

**1.     PLAINTIFF MANZANO'S STATEMENT OF FACTS AND ALLEGATIONS**

45.     Resurgent restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

46.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 46 and, therefore, denies the same and demands strict proof thereof.

47.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 47 and, therefore, denies the same and demands strict proof thereof.

48.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 48 and, therefore, denies the same and demands strict proof thereof.

49.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 49 and, therefore, denies the same and demands strict proof thereof.

50.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 50 and, therefore, denies the same and demands strict proof thereof.

51.     The allegations of Paragraph 51 state legal conclusions to which no response is required. To the extent a response is required, denied.

52.     Resurgent denies the allegations in Paragraph 52 and demands strict proof thereof.

53.     Resurgent denies the allegations in Paragraph 53 and demands strict proof thereof.

54.     Resurgent denies the allegations in Paragraph 54 and demands strict proof thereof.

## 2.     PLAINTIFF GRISHAM'S STATEMENT OF FACTS AND ALLEGATIONS

55.     Resurgent restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

56.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 56 and, therefore, denies the same and demands strict proof thereof.

57.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 57 and, therefore, denies the same and demands strict proof thereof.

58.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 58 and, therefore, denies the same and demands strict proof thereof.

59.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 59 and, therefore, denies the same and demands strict proof thereof.

60.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 60 as they pertain to Plaintiffs' actions and, therefore, denies the same and demands strict proof thereof.

61.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 61 and, therefore, denies the same and demands strict proof thereof.

62.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 62 and, therefore, denies the same and demands strict proof thereof.

63.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 63 and, therefore, denies the same and demands strict proof thereof.

## 3.     PLAINTIFF TORREZ' STATEMENT OF FACTS AND ALLEGATIONS

64.     Resurgent restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

65.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 65 and, therefore, denies the same and demands strict proof thereof.

66.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 66 and, therefore, denies the same and demands strict proof thereof.

67.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 67 and, therefore, denies the same and demands strict proof thereof.

68.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 68 and, therefore, denies the same and demands strict proof thereof.

69.     Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 69 and, therefore, denies the same and demands strict proof thereof.

70.     The allegations set forth in Paragraph 70 reference correspondence exchanged between Plaintiffs and Resurgent, the contents of which speaks for itself. Resurgent denies any inconsistent characterizations or representations of the same. Otherwise, denied.

71.     The allegations set forth in Paragraph 71 reference certain text messages, the contents of which speaks for itself. Resurgent denies any inconsistent characterizations or representations of the same. Otherwise, denied.

72.     The allegations set forth in Paragraph 72 reference a letter, the contents of which speaks for itself. Resurgent denies any inconsistent characterizations or representations of the same. Otherwise, denied.

73.     The allegations set forth in Paragraph 73 reference a letter, the contents of which speaks for itself. Resurgent denies any inconsistent characterizations or representations of the same. Otherwise, denied.

74. Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 74 and, therefore, denies the same and demands strict proof thereof.

75. Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 75 and, therefore, denies the same and demands strict proof thereof.

76. Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 76 and, therefore, denies the same and demands strict proof thereof.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, FDCPA, 15 USC § 1692 *et seq*. AGAINST DEFENDANTS COB, LVNV AND RCS

77. Resurgent restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

78. The allegations set forth in Paragraph 78 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 11 and, therefore, denies the same and demands strict proof thereof.

79. The allegations set forth in Paragraph 79 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent admits

that it services accounts of Arkansas residents. Except as specifically admitted herein, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 79 and, therefore, denies the same and demands strict proof thereof.

80.     The allegations set forth in Paragraph 80 call for legal conclusion and, therefore, no response is required. To the extent a response is required, Resurgent admits only that the FDCPA speaks for itself and denies any inconsistent characterizations or representations of the same.

81.     The allegations set forth in Paragraph 81 call for legal conclusions to which no response is required. To the extent a response is required, denied as phrased.

82.     Resurgent denies the allegations in Paragraph 82 and demands strict proof thereof.

83.     Resurgent denies the allegations in Paragraph 83 and demands strict proof thereof.

84.     Resurgent denies the allegations in Paragraph 84 and demands strict proof thereof.

85.     Resurgent denies the allegations in Paragraph 85 and demands strict proof thereof.

86.     Resurgent admits only that each Plaintiff defaulted on an account serviced by Resurgent and that each Plaintiff owed a past due amount on the account. Otherwise, denied.

87.     Resurgent denies the allegations in Paragraph 87 and demands strict proof thereof.

88.     Resurgent denies the allegations in Paragraph 88 and demands strict proof thereof.

89.     Resurgent denies the allegations in Paragraph 89 to the extent they are directed against Resurgent and demands strict proof thereof.

90.     Resurgent denies the allegations in Paragraph 90 and demands strict proof thereof.

91.     Resurgent denies the allegations in Paragraph 91 and demands strict proof thereof.

92.     Resurgent denies the allegations in Paragraph 92 to the extent they are directed against Resurgent and demands strict proof thereof.

93.     Resurgent denies the allegations in Paragraph 93 to the extent they are directed against Resurgent and demands strict proof thereof.

94.     Resurgent denies the allegations in Paragraph 94 to the extent they are directed against Resurgent and demands strict proof thereof.

95. The allegations set forth in Paragraph 95 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 95 and, therefore, denies the same and demands strict proof thereof.

96. Resurgent denies the allegations in Paragraph 96 and demands strict proof thereof.

97. Resurgent denies the allegations in Paragraph 97 and demands strict proof thereof.

98. Resurgent denies the allegations in Paragraph 98 and demands strict proof thereof.

99. Resurgent denies the allegations in Paragraph 99 to the extent they are directed against Resurgent and demands strict proof thereof.

100. Resurgent denies the allegations in Paragraph 100 to the extent they are directed against Resurgent and demands strict proof thereof.

101. Resurgent denies the allegations in Paragraph 101 and demands strict proof thereof.

102. Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 102 and, therefore, denies the same and demands strict proof thereof.

103.   Resurgent denies the allegations in Paragraph 103 to the extent they are directed against Resurgent and demands strict proof thereof.

104.   The allegations set forth in Paragraph 104 call for legal conclusions to which no response is required. To the extent a response is required, denied.

105.   Resurgent denies the allegations in Paragraph 105 and demands strict proof thereof.

## COUNT II

## VIOLATIONS OF THE TRUTH IN LENDING ACT, TILA 15 USC § 1601 *et seq*. AGAINST CREDIT ONE BANK, N.A.

106.   Resurgent restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

107.   The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 107 and, therefore, denies the same and demands strict proof thereof.

108.   The allegations set forth in Paragraph 108 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent admits only that the referenced statute speaks for itself, and denies any inconsistent characterization by Plaintiffs.

109.    The allegations set forth in Paragraph 109 call for legal conclusions to which no response is required. To the extent a response is required, denied.

110.    Resurgent denies the allegations in Paragraph 110 to the extent they are directed against Resurgent and demands strict proof thereof.

111.    The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 111 and, therefore, denies the same and demands strict proof thereof.

112.    The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 112 and, therefore, denies the same and demands strict proof thereof.

113.    Resurgent denies the allegations in Paragraph 113 to the extent they are directed against Resurgent and demands strict proof thereof.

114.    The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or

deny the allegations in Paragraph 114 and, therefore, denies the same and demands strict proof thereof.

115. The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 115 and, therefore, denies the same and demands strict proof thereof.

116. Resurgent denies the allegations in Paragraph 116 to the extent they are directed against Resurgent and demands strict proof thereof.

117. The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 117 and, therefore, denies the same and demands strict proof thereof.

118. The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 118 and, therefore, denies the same and demands strict proof thereof.

119.   The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 119 and, therefore, denies the same and demands strict proof thereof.

120.   The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 120 and, therefore, denies the same and demands strict proof thereof.

121.   Resurgent believes no response is necessary to Paragraph 121. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 121 and, therefore, denies the same and demands strict proof thereof.

## COUNT III

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, FCRA, 15 USC § 1681 et seq. AGAINST DEFENDANTS CREDIT ONE BANK AND LVNV FUNDING, LLC

122.   Resurgent restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

123.    The allegations set forth in Paragraph 123 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 123 and, therefore, denies the same and demands strict proof thereof.

124.    The allegations set forth in Paragraph 124 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent admits only that the referenced publication speaks for itself. Otherwise, denied.

125.    The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 125 and, therefore, denies the same and demands strict proof thereof.

126.    The allegations set forth in Paragraph 126 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent admits only that the FCRA speaks for itself and denies any inconsistent characterization by Plaintiffs.

127.    The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or

deny the allegations in Paragraph 127 and, therefore, denies the same and demands strict proof thereof.

128.  The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 128 and, therefore, denies the same and demands strict proof thereof.

129.  The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 129 and, therefore, denies the same and demands strict proof thereof.

130.  The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 130 and, therefore, denies the same and demands strict proof thereof.

131.  The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or

deny the allegations in Paragraph 131 and, therefore, denies the same and demands strict proof thereof.

132.   Resurgent denies the allegations of Paragraph 132 and demands strict proof thereof.

## COUNT IV

## VIOLATIONS OF THE GRAM LEACH BLILEY ACT, GLBA, 15 USC § 6801-§ 6827 *et seq*. AGAINST CREDIT ONE BANK, N.A.

133.   Resurgent restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

134.   The allegations set forth in Paragraph 134 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 134 and, therefore, denies the same and demands strict proof thereof.

135.   The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 135 and, therefore, denies the same and demands strict proof thereof.

136.   The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or

deny the allegations in Paragraph 136 and, therefore, denies the same and demands strict proof thereof.

137. The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 137 and, therefore, denies the same and demands strict proof thereof.

138. The allegations set forth in Paragraph 138 call for legal conclusions to which no response is required. To the extent a response is required, Resurgent admits only that the GLBA speaks for itself and denies any inconsistent characterization by Plaintiffs.

139. The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 139 and, therefore, denies the same and demands strict proof thereof.

140. The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or

deny the allegations in Paragraph 140 and, therefore, denies the same and demands strict proof thereof.

141.   The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 141 and, therefore, denies the same and demands strict proof thereof.

142.   The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 142 and, therefore, denies the same and demands strict proof thereof.

## COUNT V

## VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT, ECOA, 15 USC § 1691 *et seq*. against DEFENDANTS [sic] CREDIT ONE BANK, N.A.

143.   Resurgent restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

144.   The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or

deny the allegations in Paragraph 144 and, therefore, denies the same and demands strict proof thereof.

145.   The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 145 and, therefore, denies the same and demands strict proof thereof.

## PRAYER FOR RELIEF

1.      Resurgent restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.[1]

2.      The allegations of this paragraph are not directed against Resurgent and, therefore, no response from Resurgent is required. To the extent a response is required, Resurgent is without sufficient knowledge and information to admit or deny the allegations in Paragraph 2 and, therefore, denies the same and demands strict proof thereof.

3.      In response to Paragraph 3 under the heading titled, "PRAYER FOR RELIEF" and all subparts thereto, as well as the unnumbered "WHEREFORE" paragraphs following Paragraphs 105, 121, 132, 142, and 145 of the Complaint,

---

[1] The numbering of the Complaint's paragraphs restarts under the heading titled, "PRAYER FOR RELIEF."

Resurgent denies that Plaintiffs are entitled to any judgment, damages, costs, expenses, attorneys' fees, injunctive relief, or any other relief whatsoever and demands strict proof thereof.

## DEMAND FOR JURY TRIAL

In response to Plaintiffs' demand for a jury trial, Resurgent admits that Plaintiffs request a trial by jury but denies that Plaintiffs have stated any valid claim against Resurgent that entitles Plaintiffs to a jury trial and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

To the extent Plaintiffs have entered into an arbitration agreement covering Plaintiffs' claims against Resurgent, Plaintiffs' claims must be dismissed to arbitration.

## SECOND DEFENSE

Plaintiffs lack standing.

## THIRD DEFENSE

To the extent Plaintiffs' claims relate to conduct occurring beyond the applicable statute of limitations, they are time barred.

## FOURTH DEFENSE

To the extent Plaintiffs have filed for bankruptcy protection, the claims asserted against Resurgent are barred by any bankruptcy case, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiffs are not the real parties in interest to bring the present claims and lacks standing to pursue the causes of action.

## FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiffs, which Resurgent denies, was due to the affirmative actions and/or omissions of Plaintiffs and does not give rise to any liability of Resurgent.

## SIXTH DEFENSE

Plaintiffs' injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which Resurgent had no responsibility or control and for which Resurgent may not be held liable.

## SEVENTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any, and/or failed to act with reasonable diligence.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata, waiver, estoppel (including collateral estoppel and judicial estoppel), laches, release, consent, ratification, acquiescence, novation, unclean hands and/or other equitable doctrines due to Plaintiffs' own acquiescence, improper, or bad faith conduct.

## NINTH DEFENSE

Plaintiffs' Complaint fails to state a claim for relief.

## TENTH DEFENSE

Any violation of the law, which Resurgent denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## ELEVENTH DEFENSE

Resurgent denies that it is guilty of any conduct that would entitle Plaintiffs to recover punitive damages.

## TWELFTH DEFENSE

Resurgent affirmatively invokes all defenses created under the FDCPA and FCRA.

## THIRTEENTH DEFENSE

Plaintiffs' claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of,

and/or standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

**FOURTEENTH DEFENSE**

Plaintiffs' claims for punitive damages cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Arkansas Legislature limiting awards of punitive damages or the amount of such damages.

**RESERVATION OF DEFENSES**

Resurgent reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 28th day of November, 2025.

*/s/ Samuel A. Morris*

Samuel A. Morris, Esq. (AR No. 2021089)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone:  (615) 724-3258
Facsimile:  (615) 724-3358
Email: smorris@burr.com

Attorney for Defendant
RESURGENT CAPITAL SERVICES L.P.

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document has been electronically

filed with the Clerk of the Court using CM/ECF and has been served on the following

by U.S. First Class Mail on the 1st day of December, 2025:

Jacqueline Manzano
Alton Grisham
Pete Torrez
401 Paradise Heights Drive
Berryville, AR 72616
*Pro se Plaintiffs*

*/s/ Samuel A. Morris*
Samuel A. Morris