## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## EL DORADO DIVISION

| | |
|---|---|
| **JACQUELINE MANZANO,** <br> **ALTON GRISHAM, and** <br> **PETE TORREZ,** | ) <br> ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) <br> ) |
| **v.** | ) <br> ) <br> ) |
| **CREDIT ONE BANK, N.A,** <br> **RESURGENT CAPITAL** <br> **SERVICES, LP, and** <br> **LVNV FUNDING,** | **CIVIL ACTION NO. 3:25-cv-03072** <br> ) <br> ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) <br> ) |

### ANSWER OF DEFENDANT CREDIT ONE BANK, N.A.

**COMES NOW** Defendant Credit One Bank, N.A. ("COB") by and through undersigned counsel, specifically reserving the right to compel arbitration of the claims asserted by Plaintiffs Jacqueline Manzano, Alton Grisham, and Pete Torrez (collectively, "Plaintiffs"), and for its Answer to Plaintiffs' Complaint, states as follows:

## I.    INTRODUCTION

1.    Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 1 and, therefore, denies the same and demands strict proof thereof.

2.      COB admits Plaintiffs allege violations of the Fair Credit Billing Act ("FCBA"), the Truth in Lending Act ("TILA"), the Gramm-Leach-Bliley Act ("GLBA"), the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Equal Credit Opportunity Act ("ECOA"), but denies that Plaintiffs have stated any valid claim against COB that would entitle them to relief from COB, denies it committed any wrongdoing or violation of law, and demands strict proof thereof.

3.      Paragraph 3 states a legal conclusion to which no response is necessary. To the extent a response is required, COB admits that Plaintiffs incurred charges on their COB credit cards and failed to make all required payments. COB is otherwise without sufficient knowledge or information to admit or deny the allegations in Paragraph 3 and, therefore, denies the same and demands strict proof thereof.

4.      COB denies the allegations in Paragraph 4 and demands strict proof thereof.

5.      COB denies the allegations in Paragraph 5 and demands strict proof thereof.

6.      COB denies the allegations in Paragraph 6 and demands strict proof thereof.

7.      COB denies the allegations in Paragraph 7 and demands strict proof thereof.

## II.    JURISDICTION AND VENUE

8.    The allegations set forth in Paragraph 8 call for legal conclusions to which no response is required. To the extent a response is required, COB admits that the Complaint purports to assert claims that give rise to federal question jurisdiction. Except as specifically admitted herein, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 8 and, therefore, denies the same and demands strict proof thereof.

9.    The allegations set forth in Paragraph 9 call for legal conclusions to which no response is required. To the extent a response is required, COB admits that it offers credit card products to consumers, including Arkansas residents. COB further admits that it issued credit card accounts to Plaintiffs. Otherwise, denied.

10.    The allegations set forth in Paragraph 10 call for legal conclusions to which no response is required. To the extent a response is required, COB admits that it offers credit card products to consumers, including Arkansas residents. Except as specifically admitted herein, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 10 and, therefore, denies the same and demands strict proof thereof.

11.    The allegations set forth in Paragraph 11 call for legal conclusions to which no response is required. To the extent a response is required, COB is without

sufficient knowledge and information to admit or deny the allegations in Paragraph 11 and, therefore, denies the same and demands strict proof thereof.

12.    The allegations set forth in Paragraph 12 call for legal conclusions to which no response is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 12 and, therefore, denies the same and demands strict proof thereof.

13.    COB admits that Plaintiffs seek damages, but denies that Plaintiffs have stated any valid claim against COB that would entitle them to relief from COB, denies it committed any wrongdoing or violation of law, and demands strict proof thereof.

### III.    PARTIES

14.    COB restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

15.    The allegations set forth in Paragraph 15 call for legal conclusions to which no response is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 15 and, therefore, denies the same and demands strict proof thereof.

16.    COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 16 and, therefore, denies the same and demands strict proof thereof.

17.    The allegations set forth in Paragraph 17 call for legal conclusions to which no response is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 17 and, therefore, denies the same and demands strict proof thereof.

18.    The allegations set forth in Paragraph 18 call for legal conclusions to which no response is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 18 and, therefore, denies the same and demands strict proof thereof.

19.    The allegations set forth in Paragraph 19 call for legal conclusions to which no response is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 19 and, therefore, denies the same and demands strict proof thereof.

20.    The allegations set forth in Paragraph 20 call for legal conclusions to which no response is required. To the extent a response is required, COB denies that Plaintiffs have suffered any injury sufficient to confer standing on Plaintiffs.

21.    COB states that it is a national banking association organized under federal law with its principal place of business located at 6801 S. Cimarron Road, Las Vegas, Nevada 89113. Except as expressly admitted herein, COB denies the allegations in Paragraph 21 and demands strict proof thereof.

22.    COB states that it is a national banking association and that it offers credit card products to consumers. Except as expressly admitted herein, COB denies the allegations in Paragraph 22 and demands strict proof thereof.

23.    COB denies the allegations in Paragraph 23 as stated and demands strict proof thereof.

24.    The allegations set forth in Paragraph 24 call for legal conclusions to which no response is required. To the extent a response is required, COB admits that it is a national banking association organized under federal law. Otherwise, COB admits only that the referenced statutes speak for themselves and denies any inconsistent characterization by Plaintiffs.

25.    The allegations set forth in Paragraph 25 call for legal conclusions to which no response is required. To the extent a response is required, denied.

26.    COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 26 and, therefore, denies the same and demands strict proof thereof.

27.    COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 27 and, therefore, denies the same and demands strict proof thereof.

28.    COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 28 and, therefore, denies the same and demands strict proof thereof.

## IV.    LEAVE TO AMEND COMPLAINT

29.    COB admits only that Plaintiffs purport to reserve the right to amend the Complaint, but denies that Plaintiffs have any such right inconsistent with the Federal Rules of Civil Procedure and other applicable law.

## V.    STATEMENT OF FACTS AND ALLEGATIONS

30.    COB restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

31.    The allegations set forth in Paragraph 31 call for legal conclusions to which no response is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 31 and, therefore, denies the same and demands strict proof thereof.

32.    The allegations set forth in Paragraph 32 call for legal conclusions to which no response is required. To the extent a response is required, denied.

33.    The allegations set forth in Paragraph 33 call for legal conclusions to which no response is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 33 and, therefore, denies the same and demands strict proof thereof.

34.     The allegations set forth in Paragraph 34 call for legal conclusions to which no response is required. To the extent a response is required, COB admits only that Plaintiffs defaulted on their credit card accounts with COB. Otherwise, denied.

35.     COB denies the allegations in Paragraph 35 and demands strict proof thereof.

36.     COB denies the allegations in Paragraph 36 and demands strict proof thereof.

37.     COB denies the allegations in Paragraph 37 and demands strict proof thereof.

38.     COB denies the allegations in Paragraph 38 and demands strict proof thereof.

39.     COB denies the allegations in Paragraph 39 and demands strict proof thereof.

40.     COB denies the allegations in Paragraph 40 and demands strict proof thereof.

41.     The allegations of this paragraph are not directed against COB and, therefore, no response from COB is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the

allegations in Paragraph 41 and, therefore, denies the same and demands strict proof thereof.

42.    COB denies the allegations in Paragraph 42 and demands strict proof thereof.

43.    COB denies the allegations in Paragraph 43 and demands strict proof thereof.

44.    COB denies the allegations in Paragraph 44 and demands strict proof thereof.

## 1.    PLAINTIFF MANZANO'S STATEMENT OF FACTS AND ALLEGATIONS

45.    COB restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

46.    Paragraph 46 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same. Otherwise, denied.

47.    Paragraph 47 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same. Otherwise, denied.

48.     Paragraph 48 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same. Otherwise, denied.

49.     The allegations set forth in Paragraph 49 call for legal conclusions to which no response is required. To the extent a response is required, COB admits only that Plaintiffs defaulted on their credit card accounts with COB. Otherwise, denied.

50.     Paragraph 50 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same. Otherwise, denied as phrased.

51.     The allegations of Paragraph 51 state legal conclusions to which no response is required. To the extent a response is required, denied.

52.     COB denies the allegations in Paragraph 52 and demands strict proof thereof.

53.     COB denies the allegations in Paragraph 53 and demands strict proof thereof.

54.     COB denies the allegations in Paragraph 54 and demands strict proof thereof.

## 2.    PLAINTIFF GRISHAM'S STATEMENT OF FACTS AND ALLEGATIONS

55.    COB restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

56.    Paragraph 56 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same. Otherwise, denied.

57.    Paragraph 57 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same. Otherwise, denied.

58.    Paragraph 58 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same. Otherwise, denied as phrased.

59.    Paragraph 59 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same. Otherwise, COB is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 59 and, therefore, denies the same and demands strict proof thereof.

60.    COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 60 and, therefore, denies the same and demands strict proof thereof.

61.     The allegations of this paragraph are not directed against COB and, therefore, no response from COB is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 61 and, therefore, denies the same and demands strict proof thereof.

62.     The allegations of this paragraph are not directed against COB and, therefore, no response from COB is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 62 and, therefore, denies the same and demands strict proof thereof.

63.     COB denies the allegations in Paragraph 63 to the extent they are directed against COB and demands strict proof thereof.

### 3.      PLAINTIFF TORREZ' STATEMENT OF FACTS AND ALLEGATIONS

64.     COB restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

65.     Paragraph 65 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same. Otherwise, denied.

66.     Paragraph 66 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same. Otherwise, denied.

67.     Paragraph 67 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same.

68.     Paragraph 68 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same.

69.     Paragraph 69 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same.

70.     The allegations of this paragraph are not directed against COB and, therefore, no response from COB is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 70 and, therefore, denies the same and demands strict proof thereof.

71.     The allegations of this paragraph are not directed against COB and, therefore, no response from COB is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the

allegations in Paragraph 71 and, therefore, denies the same and demands strict proof thereof.

72.    The allegations of this paragraph are not directed against COB and, therefore, no response from COB is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 72 and, therefore, denies the same and demands strict proof thereof.

73.    The allegations of this paragraph are not directed against COB and, therefore, no response from COB is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 73 and, therefore, denies the same and demands strict proof thereof.

74.    COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 74 and, therefore, denies the same and demands strict proof thereof.

75.    COB denies that it reported any false or misleading information regarding Plaintiff Torrez's account. Otherwise, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 75 and, therefore, denies the same and demands strict proof thereof.

76.    Paragraph 76 references correspondence exchanged between Plaintiffs and COB, the contents of which speaks for itself. COB denies any inconsistent characterizations or representations of the same. Otherwise, denied as phrased.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, FDCPA, 15 USC § 1692 *et seq*. AGAINST DEFENDANTS COB, LVNV AND RCS

77.    COB restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

78.    The allegations set forth in Paragraph 78 call for legal conclusions to which no response is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 11 and, therefore, denies the same and demands strict proof thereof.

79.    The allegations set forth in Paragraph 79 call for legal conclusions to which no response is required. To the extent a response is required, COB denies the allegations in Paragraph 79 to the extent they are directed against COB and demands strict proof thereof.

80.    The allegations set forth in Paragraph 80 call for legal conclusion and, therefore, no response is required. To the extent a response is required, COB admits only that the FDCPA speaks for itself and denies any inconsistent characterizations or representations of the same.

81.    The allegations set forth in Paragraph 81 call for legal conclusions to which no response is required. To the extent a response is required, denied as phrased.

82.    COB denies the allegations in Paragraph 82 and demands strict proof thereof.

83.    COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 83 and, therefore, denies the same and demands strict proof thereof.

84.    COB denies the allegations in Paragraph 84 and demands strict proof thereof.

85.    COB denies the allegations in Paragraph 85 and demands strict proof thereof.

86.    COB admits only that each Plaintiff defaulted on their credit card accounts with COB and that each Plaintiff owed a past due amount on his or her account. Otherwise, denied.

87.    COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 87 and, therefore, denies the same and demands strict proof thereof.

88.    COB denies the allegations in Paragraph 88 and demands strict proof thereof.

89.    COB denies the allegations in Paragraph 89 and demands strict proof thereof.

90.    COB denies the allegations in Paragraph 90 to the extent they are directed against COB and demands strict proof thereof.

91.    COB denies the allegations in Paragraph 91 to the extent they are directed against COB and demands strict proof thereof.

92.    COB denies the allegations in Paragraph 92 and demands strict proof thereof.

93.    COB denies the allegations in Paragraph 93 to the extent they are directed against COB and demands strict proof thereof.

94.    COB denies the allegations in Paragraph 94 to the extent they are directed against COB and demands strict proof thereof.

95.    The allegations set forth in Paragraph 95 call for legal conclusions to which no response is required. To the extent a response is required, COB admits only that Plaintiffs defaulted on their credit card accounts with COB. Otherwise, denied.

96.    COB denies the allegations in Paragraph 96 and demands strict proof thereof.

97.    COB denies the allegations in Paragraph 97 to the extent they are directed against COB and demands strict proof thereof.

98.    COB denies the allegations in Paragraph 98 to the extent they are directed against COB and demands strict proof thereof.

99.    The allegations of this paragraph are not directed against COB and, therefore, no response from COB is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 99 and, therefore, denies the same and demands strict proof thereof.

100.    The allegations of this paragraph are not directed against COB and, therefore, no response from COB is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 100 and, therefore, denies the same and demands strict proof thereof.

101.    COB denies the allegations in Paragraph 101 and demands strict proof thereof.

102.    COB denies the allegations in Paragraph 102 and demands strict proof thereof.

103.    COB denies the allegations in Paragraph 103 to the extent they are directed against COB and demands strict proof thereof.

104.    The allegations set forth in Paragraph 104 call for legal conclusions to which no response is required. To the extent a response is required, denied.

105.   COB denies the allegations in Paragraph 105 and demands strict proof thereof.

## COUNT II

## VIOLATIONS OF THE TRUTH IN LENDING ACT, TILA 15 USC § 1601 *et seq.* AGAINST CREDIT ONE BANK, N.A.

106.   COB restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

107.   The allegations set forth in Paragraph 107 call for legal conclusions to which no response is required. To the extent a response is required, denied.

108.   The allegations set forth in Paragraph 108 call for legal conclusions to which no response is required. To the extent a response is required, COB admits only that the referenced statute speaks for itself, and denies any inconsistent characterization by Plaintiffs.

109.   The allegations set forth in Paragraph 109 call for legal conclusions to which no response is required. To the extent a response is required, denied.

110.   COB denies the allegations in Paragraph 110 and demands strict proof thereof.

111.   COB denies the allegations in Paragraph 111 and demands strict proof thereof.

112.   COB denies the allegations in Paragraph 112 and demands strict proof thereof.

113.   COB denies the allegations in Paragraph 113 and demands strict proof thereof.

114.   COB denies the allegations in Paragraph 114 and demands strict proof thereof.

115.   COB denies the allegations in Paragraph 115 and demands strict proof thereof.

116.   COB denies the allegations in Paragraph 116 and demands strict proof thereof.

117.   COB denies the allegations in Paragraph 117 and demands strict proof thereof.

118.   COB denies the allegations in Paragraph 118 and demands strict proof thereof.

119.   COB denies the allegations in Paragraph 119 and demands strict proof thereof.

120.   COB denies the allegations in Paragraph 120 and demands strict proof thereof.

121.   COB believes no response is necessary to Paragraph 121. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 121 and, therefore, denies the same and demands strict proof thereof.

## COUNT III

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, FCRA, 15 USC § 1681 et seq. AGAINST DEFENDANTS CREDIT ONE BANK AND LVNV FUNDING, LLC

122.    COB restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

123.    The allegations set forth in Paragraph 123 call for legal conclusions to which no response is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 123 and, therefore, denies the same and demands strict proof thereof.

124.    The allegations set forth in Paragraph 124 call for legal conclusions to which no response is required. To the extent a response is required, COB admits only that the referenced publication speaks for itself. Otherwise, denied.

125.    The allegations set forth in Paragraph 125 call for legal conclusions to which no response is required. To the extent a response is required, COB admits only that the FCRA speaks for itself and denies any inconsistent characterization by Plaintiffs.

126.    The allegations set forth in Paragraph 126 call for legal conclusions to which no response is required. To the extent a response is required, COB admits only that the FCRA speaks for itself and denies any inconsistent characterization by Plaintiffs.

127.   COB denies the allegations in Paragraph 127 and demands strict proof thereof.

128.   The allegations of this paragraph are not directed against COB and, therefore, no response from COB is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 128 and, therefore, denies the same and demands strict proof thereof.

129.   COB denies the allegations in Paragraph 129 and demands strict proof thereof.

130.   The allegations of this paragraph are not directed against COB and, therefore, no response from COB is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 130 and, therefore, denies the same and demands strict proof thereof.

131.   COB denies the allegations in Paragraph 131 as phrased and demands strict proof thereof.

132.   COB denies the allegations of Paragraph 132 and demands strict proof thereof.

## COUNT IV

## VIOLATIONS OF THE GRAM LEACH BLILEY ACT, GLBA, 15 USC § 6801-§ 6827 *et seq*. AGAINST CREDIT ONE BANK, N.A.

133.   COB restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

134.   The allegations set forth in Paragraph 134 call for legal conclusions to which no response is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 134 and, therefore, denies the same and demands strict proof thereof.

135.   COB denies the allegations in Paragraph 135 and demands strict proof thereof.

136.   COB denies the allegations in Paragraph 136 and demands strict proof thereof.

137.   The allegations set forth in Paragraph 137 call for legal conclusions to which no response is required. To the extent a response is required, COB admits that it is a national banking association organized under federal law. Otherwise, denied.

138.   The allegations set forth in Paragraph 138 call for legal conclusions to which no response is required. To the extent a response is required, COB admits only that the GLBA speaks for itself and denies any inconsistent characterization by Plaintiffs.

139.   COB denies the allegations in Paragraph 139 and demands strict proof thereof.

140.   COB denies the allegations in Paragraph 140 and demands strict proof thereof.

141.   COB denies the allegations in Paragraph 141 and demands strict proof thereof.

142.   COB denies the allegations in Paragraph 142 and demands strict proof thereof.

## COUNT V

## VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT, ECOA, 15 USC § 1691 *et seq*. against DEFENDANTS [sic] CREDIT ONE BANK, N.A.

143.   COB restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.

144.   COB denies the allegations in Paragraph 144 and demands strict proof thereof.

145.   The allegations of this paragraph are not directed against COB and, therefore, no response from COB is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 145 and, therefore, denies the same and demands strict proof thereof.

## PRAYER FOR RELIEF

1.     COB restates and incorporates its responses to all preceding paragraphs as if fully set forth herein.[1]

2.     The allegations of this paragraph are not directed against COB and, therefore, no response from COB is required. To the extent a response is required, COB is without sufficient knowledge and information to admit or deny the allegations in Paragraph 2 and, therefore, denies the same and demands strict proof thereof.

3.     In response to Paragraph 3 under the heading titled, "PRAYER FOR RELIEF" and all subparts thereto, as well as the unnumbered "WHEREFORE" paragraphs following Paragraphs 105, 121, 132, 142, and 145 of the Complaint, COB denies that Plaintiffs are entitled to any judgment, damages, costs, expenses, attorneys' fees, injunctive relief, or any other relief whatsoever and demands strict proof thereof.

## DEMAND FOR JURY TRIAL

In response to Plaintiffs' demand for a jury trial, COB admits that Plaintiffs request a trial by jury but denies that Plaintiffs have stated any valid claim against COB that entitles Plaintiffs to a jury trial and demands strict proof thereof.

---

[1] The numbering of the Complaint's paragraphs restarts under the heading titled, "PRAYER FOR RELIEF."

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiffs have entered into an arbitration agreement covering Plaintiffs' claims against COB, Plaintiffs' claims must be dismissed to arbitration.

### SECOND DEFENSE

Plaintiffs lack standing.

### THIRD DEFENSE

To the extent Plaintiffs' claims relate to conduct occurring beyond the applicable statute of limitations, they are time barred.

### FOURTH DEFENSE

To the extent Plaintiffs have filed for bankruptcy protection, the claims asserted against COB are barred by any bankruptcy case, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiffs are not the real parties in interest to bring the present claims and lacks standing to pursue the causes of action.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiffs, which COB denies, was due to the affirmative actions and/or omissions of Plaintiffs and does not give rise to any liability of COB.

## SIXTH DEFENSE

Plaintiffs' injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which COB had no responsibility or control and for which COB may not be held liable.

## SEVENTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any, and/or failed to act with reasonable diligence.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata, waiver, estoppel (including collateral estoppel and judicial estoppel), laches, release, consent, ratification, acquiescence, novation, unclean hands and/or other equitable doctrines due to Plaintiffs' own acquiescence, improper, or bad faith conduct.

## NINTH DEFENSE

Plaintiffs' Complaint fails to state a claim for relief.

## TENTH DEFENSE

COB affirmatively invokes any and all other available defenses pursuant to the FCRA, including that it properly investigated and responded to any and all disputes received from a credit reporting agency.

## ELEVENTH DEFENSE

COB denies that it is guilty of any conduct that would entitle Plaintiffs to recover punitive damages.

## TWELFTH DEFENSE

Plaintiffs' claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

## THIRTEENTH DEFENSE

Plaintiffs' claims for punitive damages cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Arkansas Legislature limiting awards of punitive damages or the amount of such damages.

## FOURTEENTH DEFENSE

Any violation of the law, which COB denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## <u>RESERVATION OF DEFENSES</u>

COB reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 5th day of December, 2025.

*/s/ Samuel A. Morris*
Samuel A. Morris, Esq. (AR No. 2021089)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone:  (615) 724-3258
Facsimile:  (615) 724-3358
Email: smorris@burr.com

Attorney for Defendant
CREDIT ONE BANK, N.A.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document has been electronically

filed with the Clerk of the Court using CM/ECF and has been served on the following

by U.S. First Class Mail on the 5th day of December, 2025:

Jacqueline Manzano
Alton Grisham
Pete Torrez
401 Paradise Heights Drive
Berryville, AR 72616
*Pro se Plaintiffs*


/s/ Samuel A. Morris
Samuel A. Morris