Jacqueline Manzano
401 Paradise Heights Drive
Berryville, AR  72616
702-788-0599
Jmdesigns88@proton.me
Alton Grisham
AG-84proton.me@proton.me
Pete Torrez
ptorrez54@aol.com
*Joinder Plaintiffs, in proper person*

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **JACQUELINE MANZANO,  *et al,*** | |
| **Plaintiff(s),** | **CASE NO. 3:25-cv-03072 TLB** |
| **-vs-** | **PLAINTIFFS  REPLY TO DEFENDANTS, LVNV FUNDING, LLC'S, AFFIRMATIVE DEFENSES** |
| **CREDIT ONE BANK, N. A.,  *et al,*** | |
| **Defendant(s).** | |

## PLAINTIFFS OBJECTION AND REPLY TO DEFENDANTS, LVNV FUNDING, LLC'S, AFFIRMATIVE DEFENSES

COMES NOW, The Plaintiffs, Jacqueline Manzano, Alton Grisham and Pete Torrez, in proper person, pursuant to Rule 12 (a)( c), hereby files their reply, objections and denials to Defendant's LVNV Funding, LLC's **(hereinafter referred to as LVNV),** Affirmative Defenses, and states as follows;

**REPLY TO FIRST DEFENSE:** LVNV's claims and defenses are NOT subject to any arbitration agreement, and none exists. The Plaintiffs object and claims Lack of Privity, as Manzano, Grisham and Torrez has never entered into any contractual or debtor/creditor arrangements with LVNV, LVNV is not the real party in interest to assert this case be dismissed to arbitration, as LVNV lacks standing to demand, compel and pursue arbitration. The Plaintiffs cannot possibly be bound to arbitrate their claims with LVNV, as the Plaintiffs have not and do not consent to the surrender of their right to discovery and their right to a jury trial, which is a

guaranteed right pursuant to the Seventh Amendment of the United States Constitution. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO SECOND DEFENSE:** Standing is a jurisdictional requirement, and LVNV claim of no standing is meritless. The Plaintiffs have met the requirements of Article III standing as outlined in their verified Complaint with supporting evidence, and absolutely do have concrete, personal and financial injury in fact, which was caused by the defendant LVNV. Each of the Plaintiff's injury is palpable, distinct, and not merely conjectural or hypothetical, and which a court ruling can remedy. Therefore, Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO THIRD DEFENSE:** The Plaintiffs claims are in fact well within the applicable statutes of limitation for the FCRA, the FDCPA, and are not time barred as alleged by LVNV. Therefore, Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO FOURTH DEFENSE:** To the extent that this affirmative defense is not applicable to this case, the Plaintiffs object to this defense, as Manzano, Grisham and Torrez have not filed for bankruptcy protection, and the claims asserted by LVNV is nonsensical, does not apply nor relate to the Plaintiffs. Therefore the Plaintiffs deny this affirmative defense in its entirety.

**REPLY TO FIFTH DEFENSE:** Each and every violation of federal law, financial injury and resulting damages suffered by the Plaintiffs was the proximate cause of LVNV omissions, actions and inactions which gave rise to LVNV's liability, as clearly outlined in the Plaintiffs verified complaint. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO SIXTH DEFENSE:** The Plaintiffs injuries and damages were the result of LVNV's acts and omissions and its third party debt collector Resurgent Capital Services, LP  misleading actions, over which LVNV had responsibility and

2

control and for which LVNV must be held liable. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO SEVENTH DEFENSE:** Defendant LVNV has failed to mitigate its damages, if any, and/or failed to act with clean hands, reasonable diligence, abide by federal law and provide the plaintiffs the documentation and information requested to verify and validate the alleged indebtedness LVNV has claimed is owed them. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO EIGHTH DEFENSE:** LVNV's' claims and defenses are barred by its own waiver, the doctrines of res judicata, (including collateral estoppel and judicial estoppel),unclean hands and/or other equitable doctrines due to LVNV's own acquiescence per the doctrine of estoppel by silence, as LVNV was given proper notice by Plaintiffs via certified mail, and waived its right to challenge this case, including LVNV's improper, deceptive, misleading and bad faith conduct in response. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO NINETH DEFENSE:** The plaintiffs did in fact state a proper a verified claim upon which relief can be granted, along with documented evidence in support. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO TENTH DEFENSE:** LVNV failed to conduct a proper investigation with the credit reporting agency, upon Notice of Inaccuracies, Plaintiff Grisham can show that LVNV' continued inclusion of unverified information on his consumer credit reports (that is, information that should have been deleted) has indeed caused him reputational harm, and the actual damages are attributable to LVNV's failure to fulfill its obligations under Section 1681s-2(b). Instead, LVNV chose to report to the CRA's that the information was verified as accurate. Therefore, Plaintiff Grisham strongly objects and denies this affirmative defense in its entirety.

1 **REPLY TO ELEVENTH DEFENSE:** The Plaintiffs deny this affirmative defense in its
2 entirety.

3 **REPLY TO TWELVTH DEFENSE:** The Plaintiffs deny this affirmative defense in its
4 entirety.

5 **REPLY TO THIRTEENTH DEFENSE:** The Plaintiffs deny this affirmative defense in its
6 entirety.

7 **REPLY TO FOURTHEENTH DEFENSE:** The Plaintiffs object to LVNV's bona fide error
8 defense, as untimely. LVNV was given the opportunity to raise this defense, cease collection
9 activity, delete its tradeline from Grisham's consumer credit report, and made a conscious choice
10 to ignore the Plaintiffs written notices and not validate the alleged debt, and thereby waived its
11 right to challenge the allegations in the verified complaint. Therefore, the Plaintiffs strongly
12 object and deny this affirmative defense in its entirety.

14 ## RESERVATION OF PLAINTIFFS OBJECTIONS AND DENIALS

15 Plaintiffs hereby reserve their right to assert additional objections and denials as
16 discovery progresses in this case. To the extent that any of the foregoing allegations and
affirmative defenses in LVNV's answer to the Plaintiffs verified complaint have not been
17 expressly admitted or denied, they are hereby denied.

18 Respectfully Submitted: Dated this *11TH* day of December, 2025

19 By. *Jacqueline Manzano*
20 Jacqueline Manzano, jmdesigns88@proton.me
401 Paradise Heights Drive
21 Berryville, AR 72616
702-788-0599
22 Alton Grisham, AG-84proton.me@proton.me
23 870-350-3185
Pete Torrez, Ptorrez54@aol.com
24 702-788-0637
25 *Joinder Plaintiffs in proper person*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on December_____, 2025, a copy of the foregoing, **Plaintiffs Reply To LVNV's Affirmative Defenses** was sent to the attorney of record, addressed to Samuel A. Morris, Burr & Forman, LLP, 222 Second Avenue South, Suite 2000, Nashville, TN 3720, via USPS First Class Mail.

Respectfully submitted: dated this ___9TH___ day of December, 2025

By: _____
Jacqueline Manzano
401 Paradise Heights Drive
Berryville, AR 72616
702-788-0599
Jmdesigns88@proton.me
*Plaintiff in proper person*

*/s/ Alton Grisham*
Alton Grisham
870-350-3185
AG-proton.me@proton.me
*Plaintiff in proper person*

*/s/ Pete Torrez*
Ptorrez54@aol.com
702-788-0637
*Plaintiff in proper person*