Jacqueline Manzano
401 Paradise Heights Drive
Berryville, AR 72616
702-788-0599
Jmdesigns88@proton.me
Alton Grisham
AG-84proton.me@proton.me
Pete Torrez
ptorrez54@aol.com
*Joinder Plaintiffs, in proper person*

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF ARKANSAS

**JACQUELINE MANZANO,** *et al,*

          **Plaintiff(s),**

       **-vs-**

**CREDIT ONE BANK, N. A.,** *et al,*

         **Defendant(s).**

**CASE NO. 3:25-cv-03072 TLB**

**PLAINTIFFS REPLY TO DEFENDANTS, RESURGENT CAPITAL SERVICES, LP'S, AFFIRMATIVE DEFENSES**

## PLAINTIFFS OBJECTION AND REPLY TO DEFENDANTS, RESURGENT CAPITAL SERVICES, LP'S, AFFIRMATIVE DEFENSES

COMES NOW, The Plaintiffs, Jacqueline Manzano, Alton Grisham and Pete Torrez, in proper person, pursuant to Rule 12 (a)( c), hereby files their reply, objections and denials to Defendant Resurgent Capital Services, LP's **(hereinafter referred to as RCS)**, Affirmative Defenses, and states as follows;

**REPLY TO FIRST DEFENSE:** RCS's claims and defenses are NOT subject to any arbitration agreement, and none exists. The Plaintiffs object and claims Lack of Privity, as Manzano, Grisham and Torrez has never entered into any contractual or debtor/creditor arrangements with RCS, RCS is not the real party in interest to assert this case be dismissed to arbitration, as RCS lacks standing to demand, compel and pursue arbitration. The Plaintiffs cannot possibly be bound to arbitrate their claims with RCS, as the Plaintiffs have not and do not consent to the

1

surrender of their right to discovery and their right to a jury trial, which is a guaranteed right pursuant to the Seventh Amendment of the United States Constitution. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO SECOND DEFENSE:** Standing is a jurisdictional requirement, and RCS claim of no standing is meritless. The Plaintiffs have met the requirements of Article III standing as outlined in their verified Complaint with supporting evidence, and absolutely do have concrete, personal and financial injury in fact, which was caused by the defendant RCS. Each of the Plaintiff's injury is palpable, distinct, and not merely conjectural or hypothetical, and which a court ruling can remedy. Therefore, Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO THIRD DEFENSE:** The Plaintiffs claims are in fact well within the applicable statutes of limitation for the FCRA, TILA, FDCPA, EOCA, GLBA, and are NOT time barred as alleged by RCS. Therefore, Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO FOURTH DEFENSE:** To the extent that this affirmative defense is not applicable to this case, the Plaintiffs object to this defense, as Manzano, Grisham and Torrez have not filed for bankruptcy protection, and the claims asserted by RCS is nonsensical, impertinent, immaterial, irrelevant and does not apply nor relate to the Plaintiffs. Therefore the Plaintiffs deny this affirmative defense in its entirety.

**REPLY TO FIFTH DEFENSE:** Each and every violation of federal law, financial injury and resulting damages suffered by the Plaintiffs was the proximate cause of RCS omissions, actions and inactions which gave rise to RCS's liability, as clearly outlined in the Plaintiffs verified complaint. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO SIXTH DEFENSE:** The Plaintiffs injuries and damages were the result of LVNV's actions, inactions, omissions and its third party debt collector Resurgent Capital

2

Services, LP' misleading actions, over which LVNV had responsibility and control and for which LVNV can be held liable. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO SEVENTH DEFENSE:** Defendant RCS has failed to mitigate its damages, if any, and/or failed to act with clean hands, reasonable diligence, abide by federal law and provide the plaintiffs the documentation and information requested to verify and validate the alleged indebtedness RCS has claimed is owed them. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO EIGHTH DEFENSE:** RCS's' claims and defenses are barred by its own waiver, the doctrines of res judicata, (including collateral estoppel and judicial estoppel), laches, unclean hands and/or other equitable doctrines due to RCS's own acquiescence per the doctrine of estoppel by silence, as RCS was given proper notice by Plaintiffs via certified mail, and waived its right to challenge this case, including RCS's improper, deceptive, misleading and bad faith conduct in response. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO NINETH DEFENSE:** The plaintiffs did in fact state a proper and verified claim upon which relief can be granted, along with documented evidence in support. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO TENTH DEFENSE:** The Plaintiffs object to RCS's bona fide error defense, as untimely. RCS was given timely opportunity to raise this defense, cease collection activity against Plaintiffs, delete its tradeline from Grisham's consumer credit report, and made a conscious choice to ignore each of the Plaintiffs written notices and failed to validate the alleged indebtedness, and thereby waived its right to challenge the allegations in the verified complaint. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO ELEVENTH DEFENSE:** Plaintiffs deny this affirmative defense in its entirety.

**REPLY TO TWELVTH DEFENSE:** This affirmative defense lacks merit, is baseless and untimely, as RCS' abusive debt collection practices were in bad faith, and the proximate cause of the Plaintiffs statutory damages, financial injury, reputational harm, and the resulting verified complaint is due to RCS' violations of the FCRA and FDCPA specifically. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO THIRTEENTH DEFENSE:** Plaintiffs deny this affirmative defense in its entirety.

**REPLY TO FOURTHEENTH DEFENSE:** The Plaintiffs object to RCS's bona fide error defense, as untimely. RCS was given the opportunity to raise this defense, cease collection activity, delete its tradeline from Grisham's consumer credit report, and made a conscious choice to ignore the Plaintiffs written notices and not validate the alleged debt, and thereby waived its right to challenge the allegations in the verified complaint. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

## RESERVATION OF PLAINTIFFS OBJECTIONS AND DENIALS

Plaintiffs hereby reserve their right to assert additional objections and denials as discovery progresses in this case. To the extent that any of the foregoing allegations and affirmative defenses in RCS's answer to the Plaintiffs verified complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully Submitted: Dated this ___ day of December, 2025

By: _____

Jacqueline Manzano, jmdesigns88@proton.me
401 Paradise Heights Drive
Berryville, AR 72616
702-788-0599
Alton Grisham, AG-84proton.me@proton.me
870-350-3185
Pete Torrez, Ptorrez54@aol.com
702-788-0637
*Joinder Plaintiffs in proper person*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on December _9TH_, 2025, a copy of the foregoing, **Plaintiffs Reply To RCS's Affirmative Defenses** was sent to the attorney of record, addressed to Samuel A. Morris, Burr & Forman, LLP, 222 Second Avenue South, Suite 2000, Nashville, TN 3720, via USPS First Class Mail.

Respectfully submitted: dated this _9TH_ day of December, 2025

By: _(signature)_
Jacqueline Manzano
401 Paradise Heights Drive
Berryville, AR 72616
702-788-0599
Jmdesigns88@proton.me
*Plaintiff in proper person*

*/s/ Alton Grisham*
Alton Grisham
870-350-3185
AG-proton.me@proton.me
*Plaintiff in proper person*

*/s/ Pete Torrez*
Ptorrez54@aol.com
702-788-0637
*Plaintiff in proper person*

5



EXPECTED DELIVERY DAY: 12/13/25

USPS TRACKING® #

9505 5102 6503 5343 7935 57

...ESS FIRS... ...FIRMLY TO SEAL

...ected delivery date specified for domestic use.

...mestic shipments include $100 of insurance (restrictions apply).*

...S Tracking® service included for domestic and many international destinations.

...ted international insurance.**

...n used internationally, a customs declaration form is required.

...ce does not cover certain items. For details regarding claims exclusions see the
...c Mail Manual at *http://pe.usps.com*.

...ternational Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

**...AT RATE ENVELOPE**
...RATE ■ ANY WEIGHT

**...ACKED ■ INSURED**





01000014

EP14F October 2023

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PAPER

*Retail*



72701

**$11.90**

RDC 03      0 Lb 3.90 Oz

U.S. POSTAGE PAID
PM
BERRYVILLE, AR 7261...
DEC 09, 2025

S2324M504126-04

**FROM:**



**FROM:**

Jacqueline Manzano
401 Paradise Heights Dr.
Berryville, AR  72616

Received WD/AR

DEC 12 2025

U.S. Clerk's Office

**PRIORITY®**
MAIL

VISIT US AT USPS.C...
ORDER FREE SUPPLIES ON...

**TO:**

US District Court
District of Arkansas
35 East Mountain St.,# 510
Fayetteville, AR 72701

Label 228, December 2023          FOR DOMESTIC AND INTERNATIONAL US...