Jacqueline Manzano
401 Paradise Heights Drive
Berryville, AR 72616
702-788-0599
Jmdesigns88@proton.me
Alton Grisham
870-350-3185
AG-84proton.me@proton.me
Pete Torrez
702-788-0637
Ptorrez54@aol.com
*Joinder Plaintiffs, in proper person*

US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

DEC 12 2025

By Ronald E. Dowling
Deputy Clerk

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS

JACQUELINE MANZANO, *et al*,

Plaintiff(s),

-vs-

CREDIT ONE BANK, N. A., *et al*,

Defendant(s).

CASE NO. 3:25-cv-03072-TLB

PLAINTIFFS REPLY TO DEFENDANT CREDIT ONE BANK, N.A.'S AFFIRMATIVE DEFENSES

## PLAINTIFFS REPLY TO DEFENDANT CREDIT ONE BANK, N.A.' AFFIRMATIVE DEFENSES

COMES NOW the Plaintiffs, Jacqueline Manzano, Alton Grisham, and Pete Torrez, in proper person, and hereby files their reply, objections and denials to Defendant's CREDIT ONE BANK, N.A.'s **(hereinafter referred to as COB)**, Affirmative Defenses, and states as follows;

**REPLY TO FIRST DEFENSE:** COB's claims and defenses are NOT subject to any arbitration agreement, because the Plaintiffs rescinded the agreement in January and February of 2025, due to Cob's failure to provide full disclosure, its failure to verify and correct the inaccurate accounting and its breach of the Contract from its inception. The Plaintiffs cannot possibly be bound to arbitrate their claims with COB, and the Plaintiffs do not consent to the surrender of their right to discovery and their right to a jury trial, which is a guaranteed right pursuant to the

Seventh Amendment of the United States Constitution. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety. **(See Plaintiffs EXHIBITS and Notices of Rescission, attached to the verified complaint).**

**REPLY TO SECOND DEFENSE:** Standing is a jurisdictional requirement, and COB's claim of no standing is meritless. The Plaintiffs have met the requirements of Article III standing as outlined in their verified Complaint with evidence in support, and absolutely do have concrete, personal and financial injury in fact, which was caused by the defendant. Each of the Plaintiffs injuries are palpable, distinct, and not merely conjectural or hypothetical, and which a court ruling can remedy. Therefore, Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO THIRD DEFENSE:** The Plaintiffs claims are in fact well within the applicable statutes of limitations of the FCRA, TILA, FDCPA, GLBA, ECOA, and are not time barred as alleged by COB. Therefore, Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO FOURTH DEFENSE:** This affirmative defense is not applicable to Plaintiffs or this case, and the Plaintiffs object to this defense, as Manzano, Grisham and Torrez have not filed for bankruptcy protection, and the claims asserted by COB are nonsensical, impertinent, immaterial, irrelevant does not apply nor relate to the Plaintiffs. Therefore the Plaintiffs deny this affirmative defense in its entirety.

**REPLY TO FIFTH DEFENSE:** Each and every violation of federal law, financial injury and resulting damages suffered by the Plaintiffs was the proximate cause of COB omissions, actions and inactions which gave rise to COB's liability for its violations of federal law, as clearly outlined in the Plaintiffs verified complaint. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO SIXTH DEFENSE:** The Plaintiffs injuries and damages were the result of COB's omissions, actions and inactions, including the sale of the account to Debt

Buyer, LVNV, despite the fact Plaintiffs rescinded the Contract, resulting in further destruction to Plaintiff Grisham's credit worthiness, including LVNV and RCS's relentless and abusive collection activity against each of the Plaintiffs, over which COB had responsibility and control. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO SEVENTH DEFENSE:** Defendant COB has failed to mitigate its damages, if any, and/or failed to act with clean hands, reasonable diligence, abide by federal law and provide the plaintiffs the documentation and information requested to verify the accuracy of the accounting and validate the alleged indebtedness that COB claimed is owed. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO EIGHTH DEFENSE:** COB's' claims and defenses are barred by its own waiver, the doctrines of res judicata, (including collateral estoppel and judicial estoppel),unclean hands and/or other equitable doctrines due to COB's own acquiescence per the doctrine of estoppel by silence, as COB was given proper notice by Plaintiffs via certified mail, and waived its right to challenge this case, including COB's improper, deceptive, misleading and bad faith conduct in response to plaintiffs billing error notices. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO NINETH DEFENSE:** The plaintiffs did in fact state a proper a verified claim upon which relief can be granted, along with documented evidence in support. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO TENTH DEFENSE:** COB failed to conduct a proper investigation with the credit reporting agencies upon written Notice of Inaccuracies, Plaintiffs can show that COB'

3

continued inclusion of unverified information on their consumer credit reports (that is, information that should have been deleted) has indeed caused the Plaintiffs reputational harm, and the actual damages are attributable to COB's failure to fulfill its obligations under Section 1681s-2(b). Instead, COB chose to report to the CRA's that the information it furnished was verified as accurate. Therefore, Plaintiffs strongly object and deny this affirmative defense in its entirety.

**REPLY TO ELEVENTH DEFENSE:** The Plaintiffs deny this affirmative defense.

**REPLY TO TWELVTH DEFENSE:** The Plaintiffs deny this affirmative defense.

**REPLY TO THIRTEENTH DEFENSE:** The Plaintiffs deny this affirmative defense.

**REPLY TO FOURTHEENTH DEFENSE:** The Plaintiffs object to COB's bona fide error defense, as meritless and untimely. COB was given the opportunity to raise this defense, cease collection activity, delete its tradeline from the Plaintiffs consumer credit reports and avoid this lawsuit, instead COB made a conscious choice to ignore the Plaintiffs written billing error notices, failed validate the alleged debt, and thereby waived its right to challenge the allegations in the verified complaint. Therefore, the Plaintiffs strongly object and deny this affirmative defense in its entirety.

Respectfully submitted: Dated this 9TH day of December, 2025

By: *[signature]*
Jacqueline Manzano
401 Paradise Heights Drive
Berryville, AR 72616
702-788-0599
Jmdesigns88@proto.me
Alton Grisham
870-350-3185
AG-84proton.me@proton.me
Pete Torrez
702-788-0637
Ptorrez54@aol.com
*Joinder Plaintiffs, in proper person*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 9TH, 2025, a copy of the foregoing, **Plaintiffs Reply To COB's Affirmative Defenses** was sent to the attorney of record, addressed to Samuel A. Morris, Burr & Forman, LLP, 222 Second Avenue South, Suite 2000, Nashville, TN 3720, via USPS First Class Mail.

Respectfully submitted: dated this 9TH day of December, 2025

By: *[signature]*
Jacqueline Manzano
401 Paradise Heights Drive
Berryville, AR 72616
702-788-0599
Jmdesigns88@proton.me
*Plaintiff in proper person*

/s/ Alton Grisham
Alton Grisham
870-350-3185
AG-proton.me@proton.me
*Plaintiff in proper person*

/s/ Pete Torrez
Ptorrez54@aol.com
702-788-0637
*Plaintiff in proper person*

5





EXPECTED DELIVERY DAY: 12/13/25

USPS TRACKING® #

9505 5102 6503 5343 7935 57

Retail

U.S. POSTAGE PAID
PM
BERRYVILLE, AR 7261
DEC 09, 2025

72701

$11.90

RDC 03   0 Lb 3.90 Oz   S2324M504126-04



FROM:

Jacqueline Manzano
401 Paradise Heights Dr.
Berryville, AR  72616

Received WD/AR

DEC 12 2025

TO:   U.S. Clerk's Office

US District Court
District of Arkansas
35 East Mountain St., # 510
Fayetteville, AR 72701

ected delivery date specified for domestic use.
estic shipments include $100 of insurance (restrictions apply).*
S Tracking® service included for domestic and many international destinations.
ted international insurance.**
n used internationally, a customs declaration form is required.
ce does not cover certain items. For details regarding claims exclusions see the
c Mail Manual at http://pe.usps.com.
ternational Mail Manual at http://pe.usps.com for availability and limitations of coverage.

AT RATE ENVELOPE
RATE ■ ANY WEIGHT

ACKED ■ INSURED

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



EP14F October 2023



Label 228, December 2023   FOR DOMESTIC AND INTERNATIONAL US