# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# EL DORADO DIVISION

| | |
|---|---|
| JACQUELINE MANZANO, ALTON GRISHAM, and PETE TORREZ, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) CIVIL ACTION NO. 3:25-cv-03072 |
| CREDIT ONE BANK, N.A, RESURGENT CAPITAL SERVICES, LP, and LVNV FUNDING, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MOTION TO STAY DISCOVERY AND CASE DEADLINES

Defendants Credit One Bank, N.A. ("COB"), Resurgent Capital Services L.P. ("Resurgent"), and LVNV Funding LLC ("LVNV") (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(c), hereby move the Court to stay discovery and all pretrial deadlines in this matter pending a resolution of Defendants' Motion to Compel Arbitration, stating as follows:

1.  Plaintiffs Jacqueline Manzano, Alton Grisham, and Pete Torrez (collectively, "Plaintiffs") initiated this action against Defendants by filing a Complaint in this Court on October 21, 2025. (*See* Compl.)

2. As set forth in Defendants' Motion to Compel Arbitration and to Stay (the "Motion to Compel Arbitration" or "Motion") filed on February 4, 2026, Plaintiffs' claims must be resolved in arbitration rather than in this forum. (*See* Docs. 21-22.)

3. Specifically, each Plaintiff entered into a Card Agreement containing an arbitration provision that requires "any controversies or disputes arising from or relating in any way to [Plaintiffs'] Account[s]" to be resolved pursuant to binding arbitration under the Consumer Arbitration Rules of the American Arbitration Association.

4. Defendants have requested that Plaintiffs participate in arbitration and Plaintiffs have refused.

5. Because the claims in this lawsuit are subject to a binding arbitration agreement, the proper scope of discovery should be set by the arbitrator, and Defendants should not be subjected to discovery in this Court. This is especially so given that further participation in litigation in this Court—in particular with regards to engaging in discovery—could be construed as a waiver of Defendants' right to arbitrate.

6. Moreover, the Motion to Compel Arbitration, if granted, would dispose of this case, and Plaintiffs will suffer no prejudice from a brief stay.

7. In support of this motion, Defendants rely upon the memorandum of points and authorities submitted contemporaneously herewith.

8. In accordance with L.R. 7.2(g), undersigned counsel has conferred with Plaintiffs, who would not consent to Defendants' proposed stay.

WHEREFORE, Defendants respectfully request that this Court enter an order staying discovery and other pretrial deadlines pending a resolution of Defendants' Motion to Compel Arbitration and providing such other relief that this Court deems appropriate under the circumstances.

Respectfully submitted this 4th day of February, 2026.

*/s/ Samuel A. Morris*
Samuel A. Morris, Esq. (AR No. 2021089)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3258
Facsimile: (615) 724-3358
Email: smorris@burr.com

Attorney for Defendants
CREDIT ONE BANK, N.A., LVNV FUNDING LLC, AND RESURGENT CAPITAL SERVICES L.P.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of the Court using CM/ECF and has been served on the following by U.S. First Class Mail on the 4th day of February, 2026:

Jacqueline Manzano
Alton Grisham
Pete Torrez
401 Paradise Heights Drive
Berryville, AR 72616
*Pro se Plaintiffs*

                                            */s/ Samuel A. Morris*
                                            Samuel A. Morris