IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| JACQUELINE MANZANO, ALTON GRISHAM, and PETE TORREZ, <br><br> Plaintiffs, <br><br> v. <br><br> CREDIT ONE BANK, N.A, RESURGENT CAPITAL SERVICES, LP, and LVNV FUNDING, <br><br> Defendants. | CIVIL ACTION NO. 3:25-cv-03072 |

## MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY AND CASE DEADLINES

Defendants Credit One Bank, N.A. ("COB"), Resurgent Capital Services L.P. ("Resurgent"), and LVNV Funding LLC ("LVNV") (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Memorandum of Law in support of their Motion to Stay Discovery and Case Deadlines, stating as follows:

## I. INTRODUCTION

As discussed in Defendants' Motion to Compel Arbitration and to Stay (the "Motion to Compel Arbitration" or "Motion") (Doc. 21), it is improper to litigate the claims brought by Plaintiffs Jacqueline Manzano ("Manzano"), Alton Grisham ("Grisham"), and Pete Torrez ("Torrez") (collectively, "Plaintiffs") outside of

arbitration. It is thus also improper for the parties to engage in discovery and other pre-trial proceedings in this Court, which would impose an undue burden on Defendants and run counter to the purposes of the parties' agreement to arbitrate. By contrast, Plaintiffs will suffer no prejudice from a short stay. Accordingly, Defendants ask the Court to stay discovery and all pretrial deadlines in this matter, including the deadline for the parties to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1), until their Motion to Compel Arbitration is resolved.

## II. **BACKGROUND**

1. Plaintiffs initiated this action against Defendants by filing a Complaint in this Court on October 21, 2025. (*See* Compl.) In their Complaint, Plaintiff assert claims for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 5 U.S.C. § 1692 *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Gramm Leach Bliley Act ("GLBA"), 15 U.S.C. § 6801 *et seq.*, and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*. (*See generally id.*)

2. On December 30, 2025, this Court issued an Initial Scheduling Order, in which it directed the parties to confer pursuant to Fed. R. Civ. P. 26(f) by January 21, 2026, to file the Rule 26(f) report by February 4, 2026, and to exchange initial disclosures by February 11, 2026. (Doc. 17.)

3.      On February 4, 2026, Defendants filed their Motion to Compel Arbitration, demonstrating that Plaintiffs' claims are due to be compelled to arbitration pursuant to a mandatory arbitration provision (the "Arbitration Agreement") contained in each of the Card Agreements governing Plaintiffs' accounts, which permits Defendants to elect mandatory arbitration of "any controversies or disputes arising from or relating in any way to your Account; any service(s) or programs related to your Account; and, if permitted by the rules of the arbitration forum, any collection of debt related to your Account." (*See generally* Doc. 22.) Additionally, the arbitration provision extends to claims against LVNV and Resurgent, as it requires the arbitration of claims against COB's "parents, subsidiaries, affiliates, successors, predecessors, employees, and related persons or entities, and all third parties who are regarded as agents or representatives of [COB] in connection with the subject matter of the claim or dispute at issue." (*Id.*)

4.      The undersigned has asked each Plaintiff whether he or she would stipulate to arbitration or, alternatively, agree to a stay of the parties' Rule 26 obligations pending a ruling on Defendants' Motion to Compel Arbitration. Plaintiffs have indicated their opposition to the Motion to Compel Arbitration and would not agree to Defendants' proposed stay.

# III. ARGUMENT

In the event the Motion to Compel Arbitration is granted, each of Plaintiffs' claims in this action will be transferred to arbitration. To avoid the expenditure of resources on discovery that may prove unnecessary should the Motion to Compel Arbitration be resolved in Defendants' favor, and to allow Defendants to realize the full benefits of the Arbitration Agreement, Defendants move to stay discovery and all case deadlines pending the resolution of their Motion to Compel Arbitration.

**A.  Because Defendants' Motion May Dispose of This Case in Its Entirety and No Party Will Be Prejudiced by a Short Stay, the Court Should Exercise Its Inherent Authority to Stay Discovery and Pretrial Deadlines.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983). To that end, "courts have regularly stayed discovery while the court considers whether a case must instead proceed in arbitration." *Wells Fargo Ins. Servs. USA, Inc. v. Kyle King & Sherman Ins. Agency, Inc.*, No. 15-CV-4378 (PJS/HB), 2016 WL 6892108, at *4 (D. Minn. July 29, 2016) (collecting cases); *see also In re CenturyLink Sales Pracs. & Sec. Litig.*, No. MDL172795MJDKMM, 2018 WL 2122869, at *2-3 (D. Minn. May 8, 2018) (granting motion to stay discovery pending resolution of forthcoming motion to compel arbitration); *Duncan v. Int'l*

*Markets Live, Inc.*, No. 420CV00017RGEHCA, 2020 WL 13576842, at *2 (S.D. Iowa Sept. 23, 2020) (same).

Here, if the Motion to Compel Arbitration is granted, Plaintiffs' claims against all Defendants will be compelled to arbitration and these proceedings will be stayed, rendering any discovery conducted now unnecessary. *See, e.g., Davidow v. H&R Block, Inc.*, No. 18-01022-CV-W-ODS, 2019 WL 13020638, at *2 (W.D. Mo. Mar. 14, 2019) ("If discovery was conducted in this forum and it was later disallowed by the arbitrator, the parties will have wasted resources, and if a dispute arose, wasted the judiciary's resources as well."). For similar reasons, it would be inefficient, premature, and inappropriate for the parties to convene a Rule 26 conference, propose a case schedule, and commence proceedings at this time. A stay pending resolution of the Motion to Compel Arbitration will thus save the parties, and the Court, the needless cost and inconvenience associated with proceedings on claims that may ultimately be referred to arbitration. *Id.*; *see also Duncan*, 2020 WL 13576842 at *2 ("A stay of discovery will protect both parties from incurring undue burdens or expenses until the District Court rules on the Motion to Compel Arbitration. If discovery were to continue in this case, it appears likely that there would be further disputes which would require judicial guidance . . ."); *Stiener v. Apple Computer, Inc.*, No. C 07-4486, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) ("In the interests of conserving the resources of the parties, a short stay of the

initial scheduling obligations and discovery pending the determination of the motion to compel arbitration is therefore prudent.").

Further, Plaintiffs will not be prejudiced by a short stay. Even if this Motion to Stay is granted and the Motion to Compel Arbitration is later denied, Plaintiffs will suffer no harm, as their case will then proceed before this Court, and discovery can begin at that time. Indeed, given that no date for the cutoff of discovery has been set, no party will be prejudiced by a brief delay while the Court considers Defendants' Motion. *See Roadbuilders Mach. Supply Co. v. Sennebogen, Inc.*, No. CIV.A. 11-2681-KHV, 2012 WL 1253265, at *2 (D. Kan. Apr. 13, 2012) ("Moreover, this Court does not find that Plaintiffs will be unduly prejudiced by this delay in beginning the discovery process. In fact, if the case is transferred to arbitration, Plaintiffs may benefit from not having to change course in their discovery plan.").

**B.     A Stay Would Be Consistent with the Purposes of the Parties' Arbitration Agreement and The FAA.**

Additionally, if the Motion to Compel Arbitration is granted and the case is referred to arbitration, any discovery would proceed under the more streamlined and relaxed procedures in that forum. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 649 (1985) (explaining that discovery is "often severely limited or unavailable" in arbitration). The arbitration agreement provides for the American Arbitration Association ("AAA") as the arbitration administrator

(*see* Doc. 22), which has its own rules governing discovery. For instance, AAA's rules provide for the arbitrator to "manage any necessary exchange of information among the parties . . . with a view to achieving an efficient and economical resolution of the dispute while, at the same time, promoting equality of treatment and safeguarding each party's opportunity to fairly present its claims and defenses."[1] Absent a stay, though, Defendants would be forced to engage in discovery under the rules of this Court, contrary to the purposes of the parties' agreement to arbitrate. *See Williamsport Realty, LLC v. LKQ Penn-Mar, Inc.*, No. 3:14-CV-118, 2014 WL 12596396, at *1 (N.D. W. Va. Dec. 16, 2014) (staying discovery pending resolution of motion to compel arbitration because defendant "would suffer prejudice should discovery commence and the Court then order arbitration because [defendant] would not realize the benefits of arbitration"). Indeed, "requiring [Defendants] to submit to full discovery under the Federal Rules of Civil Procedure may unnecessarily subject [them] 'to the very complexities, inconveniences and expenses of litigation that they determined to avoid.'" *Klepper v. SLI, Inc.*, 45 F. App'x 136, 139 (3d Cir. 2002) (citation omitted).

A stay would also be in line with the goals of the Federal Arbitration Act ("FAA"). The Eighth Circuit has noted that "[t]he purpose of the FAA is 'to move

---

[1] *See* AAA Consumer Arbitration Rules, Rule R-20, *available at* https://www.adr.org/media/yawntdvs/2025_consumer_arbitration_rules.pdf.

the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Koch v. Compucredit Corp.*, 543 F.3d 460, 463 (8th Cir. 2008) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983)). Discovery prior to resolving the pending Motion to Compel Arbitration would be counter to the mandate of the FAA that the threshold question of arbitration should be resolved expeditiously and before resources are used on issues that could be rendered moot by compelling arbitration. Thus, to allow for the arbitral forum to manage discovery in the event that the Court should grant Defendants' Motion, and to allow Defendants to realize the full benefit of the arbitration agreement, a stay of discovery and other pre-trial deadlines should be entered pending the Court's ruling on the Motion to Compel Arbitration. *See Hunt v. Munlake Contractors, Inc.*, No. CV409-084, 2009 WL 10678628, at *1 (S.D. Ga. Oct. 14, 2009) (granting motion to stay discovery pending resolution of motion to transfer or, in the alternative, motion to compel arbitration, noting, "A stay of discovery is appropriate because the rules governing discovery may radically change if the motion to dismiss is granted [and the case is compelled to arbitration].").

## IV. CONCLUSION

To avoid unnecessary burdens on the parties and the Court, and to preserve the benefits of the parties' agreement to arbitrate, Defendants respectfully request

that the Court stay discovery and all pre-trial deadlines in this matter pending a ruling on Defendants' Motion to Compel Arbitration.

Respectfully submitted this 4th day of February, 2026.

> */s/ Samuel A. Morris*
> Samuel A. Morris, Esq. (AR No. 2021089)
> BURR & FORMAN LLP
> 222 Second Avenue South, Suite 2000
> Nashville, TN 37201
> Telephone:  (615) 724-3258
> Facsimile:  (615) 724-3358
> Email: smorris@burr.com
>
> Attorney for Defendants
> CREDIT ONE BANK, N.A., LVNV FUNDING LLC, AND RESURGENT CAPITAL SERVICES L.P.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of the Court using CM/ECF and has been served on the following by U.S. First Class Mail on the 4th day of February, 2026:

Jacqueline Manzano
Alton Grisham
Pete Torrez
401 Paradise Heights Drive
Berryville, AR 72616
*Pro se Plaintiffs*

                                        */s/ Samuel A. Morris*
                                        Samuel A. Morris