Jacqueline Manzano
401 Paradise Heights Drive
Berryville, AR 72616
702-788-0599
Jmdesigns88@proton.me
Alton Grisham
AG-84proton.me@proton.me
Pete Torrez
ptorrez54@aol.com
*Joinder Plaintiffs, in proper person*

US DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FILED

FEB 23 2026

Ronald E. Dowling
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

JACQUELINE MANZANO, *et al*

                Plaintiff(s),

-vs-

CREDIT ONE BANK, N.A., *et al*

                Defendant(s).

CASE NO. 3:25-cv-03072 TLB

PLAINTIFFS SUPPLEMENTAL OPPOSITION TO DEBEFEDANTS MOTION TO COMPEL ARBITRATION (Dkt. 21 – 23)

**PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION (DKT. 21) AND STAY DISCOVERY (DKT. 23)**

    The Plaintiffs, pro se, hereby file this supplemental opposition pursuant to FRCP 15(d), with critical facts regarding the AAA arbitration fees, and physical and financial burdens.

                        **I. INTRODUCTION.**

1. AAA demands $1,400 minimum to ANSWER arbitration—funds Plaintiffs lack entirely. Lead Plaintiff Manzano files IFP application under seal **(Exhibit A, sealed).**

2. Rule 20 joinder binds all three plaintiffs. Defendants demand INDIVIDUAL arbitrations to split joint claims—judicial economy destruction prohibited.
3. Elderly Plaintiff (Jacqueline Manzano unemployed senior) drives 1.5 hours on DANGEROUS winding two-lane country roads in BORROWED vehicle to file pleadings. Defense attorney knows of this hardship, and exploits it.
4. Co-plaintiff Grisham' strained wages are consumed by living expenses.
5. Co-plaintiff Torrez, is elderly and his strained wages are consumed by living expenses. CSEA liens on his SSI and IRS tax refunds. Arbitration fees are unaffordable.
6. The AAA $1,400 Arbitration fees are unconscionable for the entire joined group. OTO, L.L.C. v. Kho (2019) 8 Cal.5th 111: Unconscionable fees render arbitration agreements unenforceable.

## II. ARGUMENT

7. Defense attorney's docket manipulation, forum shopping, joinder attack, and his attempt to enjoin Plaintiffs and arbitrate each plaintiff individually, is not only strategic gamesmanship, it also equates to BAD FAITH.
8. "AAA 'hardship waivers' compel indigent Arkansas consumers to submit invasive financial proofs for mere $200+ fee reductions—layered coercion atop Plaintiff Manzano's 1.5-hour dangerous drives in borrowed vehicle. Defense counsel, fully aware via affidavits (Exhibits B-D), weaponizing poverty to deter federal court access," rendering compulsion unconscionable."

9. "Discover Bank v. Superior Court (2005) 30 Cal.4th 711: Class arbitration waivers unconscionable in consumer credit card contracts. Three joinder plaintiffs satisfy numerosity. Credit One's clause per se unenforceable."
10. "Discover Bank v. Superior Court (2005) 30 Cal.4th 711 prohibits severing plaintiffs into individual arbitrations. Credit One's class waiver is unconscionable per se. Three plaintiffs satisfy class numerosity. All claims should proceed together in this court."
11. "A.D. v. Credit One Bank (7th Cir. 2018): Federal appeals court rejects Credit One's arbitration/class waiver defense. Additional cardholders not bound by cardmember agreement. Three plaintiffs proceed as class. Discover Bank (Cal. Sup. Ct.) + A.D. (7th Cir.) = arbitration clause unenforceable." FAA §2 unconscionability precedent."
12. "AAA's own 'waivers' (requiring financial disclosures from seniors already risking life on winding roads to access this court) admit arbitration's unaffordability. Defense counsel's insistence—despite knowing Plaintiffs' have validly rescinded the Credit One agreement and arbitration clause, and this behavior equates to bad faith under FRCP 11, exploiting poverty for forum control."
13. "Defense attorney offers AAA 'waivers' requiring Arkansas seniors to prove poverty through applications—after 1.5hr winding road treks he knows Plaintiff Manzano endures to file pleadings in this court. Waiver process = coercion perfected.
14. The Plaintiffs have paid the filing fee to litigate this case in this court. Defendants have filed their answer to the complaint and the joint 26(f) report, and now wish to abrogate that fact and selectively choose to arbitrate this case through AAA when it's convenient, knowing the AAA fees alone will be equal to the statutory damages Plaintiffs may be awarded. This alone is unconscionable.

15. "Consumers cannot be forced into arbitration when the underlying contract stands validly rescinded—no agreement to arbitrate survives to enforce. Reiterman v. Abid, 26 F.4th 1226, 1232 (11th Cir. 2022) (mutual rescission voids arbitration clause ab initio).

16. "Credit One's hedging fails Asset Acceptance, LLC v. Newby, 2014 Ark. 280 (clear and unmistakable evidence required). Rescinded contract leaves no arbitration clause to enforce. Reiterman v. Abid, 26 F.4th 1226, 1232 (11th Cir. 2022). AAA Rule 10(b) permits administrator to decline for business misconduct, authorizing court jurisdiction."

17. "Credit One's failure to comply with AAA Consumer Rules—particularly fee payment and fairness standards – trigger AAA's right to decline administration. NCLC analysis confirms: business violating these rules forfeit arbitration enforcement, reverting disputes to court jurisdiction."

18. "Credit One cannot enforce arbitration post-sale to SPV; LVNV/RCS never established debt ownership or contractual privity with Plaintiffs. Indebtedness cannot be assumed—it must be proven to exist via chain-of-title and account contract (cf. Cal. precedent requiring affirmative debt proof). No valid assignee holds arbitration rights."

19. "Defense counsel's gamesmanship prejudices Plaintiffs federal court access – unfair bias through known hardships (elderly plaintiff Torrez & Manzano' IFP under seal) violates impartiality principals. Defense counsel cannot manufacture 'prejudice' against arbitration while actively injuring pro se rights.

**20.** Defense counsel deliberately rejected Plaintiffs' settlement offer through silence—ignoring repeated inquiries from co-plaintiffs Grisham and Torrez during 26(f) conference follow-up. Morris filed Motion to Compel Arbitration (Dkt. 21) instead, perverting ADR—true Alternative Dispute Resolution through settlement negotiation—into personal gamesmanship that clogs this Court's valuable docket with nonsense, for which no good faith basis exists."

**21.** Defense counsel lacks personal knowledge of alleged arbitration agreement formation and settlement communications, Trinsey v. Pagliaro—statements of counsel in brief or argument are insufficient, as defense counsel is not an injured party, cannot testify as to facts only Plaintiffs and co-plaintiffs experienced firsthand. Defense counsel's representations constitute improper legal conclusions, not admissible evidence."

**22.** Plaintiffs request this Court rule on Defendants' Motions (Dkt. 21, 23) without oral argument pursuant to Local Rule 7.2(b)—fully briefed issues require no hearing, preserving judicial economy and sparing out-of-state counsel (Nashville, TN) unnecessary pro hac vice costs."

**WHEREFORE**, Plaintiffs pray this honorable court will deny Defendants' Motions to Compel Arbitration (Dkt. 21) and Stay Discovery (Dkt. 23), declare the arbitration clause unconscionable and unenforceable, award statutory damages, attorneys' fees if applicable, and grant such other relief as just.

## VERIFICATION

The undersigned are over the age of 18 and competent to certify that the above statements are true, correct, complete and not misleading, to the best of their knowledge, except those statements that are based upon information and belief. The undersigned understand that a false statement in this Verified Complaint may subject them to penalties of perjury.

Respectfully submitted:       Dated this _____ day of February, 2026

By, _____
Jacqueline Manzano
401 Paradise Heights Drive
Berryville, AR 72616
702-788-0599
Jmdesigns88@proton.me

By, _____
Alton Grisham
870-350-3185
AG-84proton.me@proton.me

By, _____
Pete Torrez
702-788-0637
ptorrez54@aol.com
*Plaintiffs, in proper person*

## CERTIFICATE OF SERVICE

The undersigned certifies that on February _____, 2026, a copy of the foregoing, **Plaintiffs Supplemental Opposition to Defendants Motion to Compel Arbitration** was sent to the attorney of record, addressed to Samuel A. Morris, Burr & Forman, LLP, 222 Second Avenue South, Suite 2000, Nashville, TN 37201, via USPS First Class Mail.

Respectfully submitted: dated this 23Rd day of February, 2026

By: /s/ Jacqueline Manzano
Jacqueline Manzano
401 Paradise Heights Drive
Berryville, AR 72616-
702-788-0599
Jmdesigns88@proton.me
*Plaintiff in proper person*
Alton Grisham
870-350-3185
AG-proton.me@proton.me
*Plaintiff in proper person*
Ptorrez54@aol.com
702-788-0637
*Plaintiff in proper person*