UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JACQUELINE MANZANO; ALTON      )
GRISHAM, and PETE TORREZ,      )
                               )
    Plaintiffs,                )
                               )  CASE NO.
VS.                            )  3:25-cv-03072-DCF
                               )
CREDIT ONE BANK, N.A.;         )
RESURGEN CAPITAL SERVICES      )
L.P.; and LVNV FUNDING,        )
                               )
    Defendants.                )

REPORTER'S RECORD

TRANSCRIPT OF CASE MANAGEMENT HEARING

BEFORE THE HONORABLE DAVID CLAY FOWLKES

March 10, 2026; 10:07 a.m.

FORT SMITH, ARKANSAS

Proceedings recorded in realtime via machine shorthand.
_____

**Dana Hayden, CCR, RMR, CRR, CRC**
**Federal Official Court Reporter**
**Fort Smith, Arkansas 72901**

APPEARANCES

FOR THE PLAINTIFFS:

Ms. Jacqueline Manzano, pro se

Mr. Alton Grisham, pro se

401 Paradise Heights Drive

Berryville, Arkansas 72616

Jmdesigns88@proton.me

FOR THE DEFENDANTS:

Mr. Edmond Joseph McGehee

Rose Law Firm

809 South 52nd Street, Suite A

Rogers, Arkansas 72758

***** PROCEEDINGS *****

THE COURT:  All right.  We are on the record this morning in the case of *Jacqueline Manzano, et al. versus Credit One Bank*, in Case Number 3:25-CV-03072, in United States District Court for the Western District of Arkansas.

So I'll ask before we begin, if counsel would please rise and state your name for the record, beginning with the plaintiff.

MS. MANZANO:  Jacqueline Manzano, Plaintiff; Mr. Grisham.

THE COURT:  Okay.

MR. GRISHAM:  Alton Grisham, sir.

THE COURT:  Good morning.

MS. MANZANO:  Good morning, your Honor.

THE COURT:  All right.  And counsel for the defense?

MR. McGEHEE:  I'm Joey McGehee, your Honor.

THE COURT:  All right.  And we are here today -- y'all can go ahead and sit down.

We are here today for a case management hearing pursuant to Federal Rule of Civil Procedure Rule 26.  As such, I may ask y'all some basic questions about this case, but those questions are only for the purpose of determining the appropriate place on the Court's

calendar to place this jury trial going forward and so just wanted to let y'all know that this will be a little bit more informal of a hearing, and I definitely will not hold any of these facts to you as we go forward because I know that things change as the lawsuit goes on and the months and the discovery is complete and things like that. So we may need to hash out a few details before we make an appropriate determination.

Oh, yeah. And I'll go ahead and make it on the record that Mr. Torrez is not present in court today, but he is the third plaintiff in this lawsuit. And I understand that he has a medical condition that prevented him from appearing in court today; is that correct?

MS. MANZANO: I have an excuse if you need it, your Honor.

THE COURT: Okay. No, thank you. I've been a provided a copy of that, so thank you.

MS. MANZANO: Okay.

THE COURT: I appreciate it.

However, before we get to the process of placing this case on the Court's calendar for a jury trial, I would like to hear from the parties regarding -- typically in these cases, there are some pending motions, and in this case there is a pending

motion to compel arbitration that you have replied to, and I know that the defense has asked for leave to file another reply to the motion to compel arbitration and to the Plaintiffs' response, so I would like to hear about that.

And I'm not certain that I'm going to make a ruling on that today, and I may take it under advisement depending on how this goes this morning, but I would like to hear from both parties regarding your perspective on the motion to compel arbitration.

Before we get to that, I'd just like to lay out what I view as an appropriate summary of this case. This lawsuit was initiated by the plaintiffs alleging damages resulting from various fair credit acts, including the Fair Credit Billing Act, the Truth in Lending Act, the Gramm-Bliley Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and the Equal Credit Opportunity Act.

It's my understanding from reviewing the pleadings in this case that all of these allegations are related to credit card accounts that were obtained by the plaintiffs and debts that were accrued on those credit card accounts.

It is a very basic statement of the case, but do you have anything you would like to add to that from

the Plaintiffs' perspective?

MS. MANZANO:  No, not at this time, your Honor.

THE COURT:  Okay.  And anything from the defense from your perspective regarding that summary of the case?

MR. McGEHEE:  No, thank you, your Honor.

THE COURT:  All right.  First I'd like to turn to the defendant in this case because it is your motion to compel arbitration.  Would you like to state anything additional on the record?  I have reviewed your motion and your brief in support of that motion.  I've also reviewed the Plaintiffs' reply to that motion.

Do you have anything you'd like to add to the record today?

MR. McGEHEE:  Your Honor, I think this matter was well briefed, and I'm glad to answer any questions your Honor may have about the motion, but at this point I would rest on the brief, so to speak.  I think it sets out our argument well.

THE COURT:  Okay.  And I agree this has been briefed very thoroughly by both parties, and I appreciate both parties' arguments on that.

I'll turn now to the Plaintiff.  I have read your reply brief to the motion to compel arbitration. Do you have anything else you would like to add to your

reply, and your supplemental reply brief as well?

MS. MANZANO: Yes. I'd like to say that Defendants failed to rebut the affidavits which were notarized under the penalty of perjury, and they failed to rebut that.

Also, the arbitration itself, Defendants -- the Defendants here, your Honor, answered the lawsuit, put affirmative Defendants, okay, and they engaged in 26(f) report. As you can see, we filed that jointly, and now, after all this litigation, they want to go to arbitration.

That was -- the original account was rescinded from Credit One Bank. They never raised arbitration then. They didn't reject the arbitration. They never answered our questions.

There was a serious billing error with inaccurate accounting, and Credit One failed to respond to that.

THE COURT: Is it your position -- I'll take all of those things side by side. First of all, with regard to the rescission, is it your position that you rescinded -- that the Plaintiffs rescinded the contract between yourselves and Credit One based on a letter that was sent to Credit One and that just stated --

MS. MANZANO: There were notices by certified

mail, your Honor.  It's all in the complaint as exhibits.

THE COURT:  Okay.  The way I read, one of the things that you allege that was a basis for your rescission was 15 United States Code Annotated 1635, the first.

MS. MANZANO:  Yes, that was the incorrect one, and I did that out of frustration because I did not know how to put my common law rescission in there, but it was a material breach by Credit One because they failed to answer the questions.

We had a right to know about the movement of funds within the account.  Credit One never told us, either, that they sold the account just days after its inception to an SPV.

THE COURT:  So your --

MS. MANZANO:  And they were merely a servicer of the account.  They just kept sending us statements of account instead of answering our questions, and I just don't think that was right.  They just denied every -- just failed to respond.

THE COURT:  Well, it is the Court's view that, I agree with you, that 1635 doesn't appear to apply for a --

MS. MANZANO:  No, it's for a secured debt.

THE COURT:  -- proper rescision on this case.

MS. MANZANO:  Yes, I understand that.

THE COURT:  Okay.  So my next question regarding this case is do you believe that the arbitration provision covers your claims?

MS. MANZANO:  No, I do not.

THE COURT:  So you are alleging both that the arbitration provision is not binding and not accurate and also that it doesn't cover the claims that you've raised in this lawsuit?

MS. MANZANO:  I --

THE COURT:  Do I understand that correctly?

MS. MANZANO:  No, I'm not going to say that.

THE COURT:  Okay.

MS. MANZANO:  What I'm going to say is the entire situation of the billing error, inaccurate accounting is the problem.  That's the question.

It was never -- they just failed to do a proper investigation and respond to our questions, which we had a right to know.  And sending this case to arbitration now, after we have spent funds filing this case and we've gone through.  They answered the complaint, they engaged in 26(f), and now all of a sudden they want to -- see, they could have filed their -- Credit One could have filed arbitration immediately, could have

said, "Well, since there's a dispute and it's a billing error, why don't we go to arbitration."

No, they did not do that.

THE COURT:  Have there been any discussions regarding settlement in this case?

MS. MANZANO:  Yes, there have.

THE COURT:  Okay.

MS. MANZANO:  And it was, sadly, to be -- well, to stay in compliance with Rule 408.  The settlement I was offered from Mr. Morris, the attorney of record before Mr. McGinness [sic] here, was pitiful, to say the least, and it just didn't -- we just couldn't accept that.

THE COURT:  Okay.

MS. MANZANO:  And they -- it wasn't good, so we were unable to reach an agreement.

We started trying to settle before we filed the lawsuit; we tried to settle as soon as we filed the lawsuit; we tried to settle after they responded and answered in the affirmative defense to the lawsuit.  We tried to settle, all to no avail.

So it seems as though they want to push this arbitration, push it to arbitration and take it out of this court, which would be severely horrible for us because we just don't have the finances for that.  That

was, it's just -- yeah.  It's egregious, to say the least.

THE COURT:  I appreciate that, Ms. Manzano.

Mr. Grisham, I don't want you leave you out from this.  Do you have anything you would like to add to your reply to the motion to compel arbitration in this case?

MR. GRISHAM:  Your Honor, I stand by the pleadings and the affidavit.  If Ms. Manzano would like to elaborate on it, she could speak upon it.

THE COURT:  Okay.  Nothing to add then?

MR. GRISHAM:  No, your Honor.  Thank you.

THE COURT:  Well, I'm leaning towards granting the motion to compel arbitration, but I am going to going to take this motion under advisement.  There are a couple things that I'd like to check on.  First of all, I just want to put on the record.

Ms. Manzano, as you know, the Federal Arbitration Act, you know, is strictly enforced.  And it is, you know, an act that really interprets these agreements for arbitration very broadly, and the Courts are strongly encouraged to enforce those arbitration agreements and that's really borne out not just by the Federal Arbitration Act but also by the cases that have interpreted that act.

But there are a few things that I want to look at to make sure that I'm making what I believe is the correct decision there, and one of the things that I want to look at is regarding the standard of proof. And I have read both of the cases --

MS. MANZANO: That was -- excuse me. I missed that part. The standard of proof?

THE COURT: The standard of proof.

MS. MANZANO: Okay.

THE COURT: I've read cases in support of both of your positions on that, and I want to make sure that I have that nailed down and I have an accurate feel for what that standard and what that burden is for this motion to compel arbitration. And so I'm going to continue to take that motion under advisement.

I appreciate your comments here today, and I appreciate both parties' briefs and your written arguments on this. And so I do not think it is appropriate now for the Court to set this for trial in light of this pending motion to compel arbitration, which I intend to rule on very quickly.

And so if I do rule against the motion to compel arbitration, we'll have another hearing. And we may do that one on video, which will be a little bit easier for the plaintiffs to appear in that capacity,

and we will at that time set this case for a jury trial and we'll set all of our hearings and our deadlines that are appropriate based on that jury trial date that we set. But that'll be the Court's decision for today unless you have anything else you would like to add to your --

MS. MANZANO: I do have something to say, your Honor.

THE COURT: Yes, ma'am.

MS. MANZANO: They made a lot of statements in their motion to compel. Their bills of sale, there are six of them, they are all -- nothing comes from Credit One directly, well, of course, because they sold to a SPV. They were simply a servicer for that. There's no affidavits. There's no penalty of perjury. They didn't rebut our affidavits.

I would also like to say if you do deny us and approve the arbitration, I'm going to appeal, and I just want that on the record because I will appeal it immediately.

THE COURT: Certainly.

All right. Anything further from the defense?

MR. McGEHEE: Your Honor, we have a motion to stay the case pending your decision on the motion to compel arbitration. With your ruling today, would you

consider that, in effect, granted, the motion to stay this matter?

THE COURT: I don't think it will be necessary. I'm going to rule on the motion to compel arbitration as quickly as I can, and I don't think it will be necessary to stay any of the remaining dates. I expect to have a decision for y'all in the next couple of days.

MR. McGEHEE: Thank you, your Honor.

THE COURT: Yes, I appreciate it.

Anything further from the Plaintiff?

MS. MANZANO: Yes. I would like to start discovery.

THE COURT: I intend to rule on this motion within a couple of days, so I don't think there's any need for us to establish deadlines for discovery right now.

All right. That'll be the Court's ruling, and we'll be in adjournment.

MS. MANZANO: Okay. And how soon will that be? Will you -- will it be on the docket?

THE COURT: Yes, it will be on the docket. You'll receive notice of it through the electronic filing system.

MS. MANZANO: Okay. Very good. Thank you, your Honor. You have a great day.

THE COURT:  All right.  Thank you.

(Proceedings adjourned at 10:21 a.m.)

CERTIFICATE OF OFFICIAL REPORTER


I, Dana Hayden, Federal Official Realtime Court Reporter, in and for the United States District Court for the Western District of Arkansas, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 16th day of April 2026.


Dana Hayden, CCR, RMR, CRR, CRC
Federal Official Court Reporter
Dana_Hayden@arwd.uscourts.gov