**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

| | |
|---|---|
| **JACQUELINE MANZANO, ALTON GRISHAM, and PETE TORREZ,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CREDIT ONE BANK, N.A., RESURGENT CAPITAL SERVICES, LP, and LVNV FUNDING,**<br><br>**Defendants.** | **CIVIL ACTION NO. 3:25-CV-03072** |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION AND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION**

Defendants Credit One Bank, N.A., Resurgent Capital Services, L.P., and LVNV Funding LLC (collectively, "*Defendants*"), by and through undersigned counsel, respectfully submit this Response in Opposition to Plaintiffs' Motion for Reconsideration (Doc. 51) and Supplemental Memorandum in Support of Motion for Reconsideration (Doc. 52) of the Court's July 16, 2026, Opinion and Order (Doc. 49) granting Defendants' Motion to Compel Arbitration.

## I. INTRODUCTION

Plaintiffs' Motion for Reconsideration should be denied for three primary reasons. First, Plaintiffs' Motion presents no intervening change in controlling law,

no newly discovered evidence, and no clear error warranting reconsideration. Instead, Plaintiffs merely rehash arguments that were previously raised and properly rejected by this Court, while asking the Court to reach the merits of their claims. Second, this Court's Order was well-reasoned, thoroughly analyzed the relevant facts and law, and correctly concluded that valid, enforceable arbitration agreements exist between the parties, and that Plaintiffs' claims fall squarely within the scope of those agreements. Third, the substance of Plaintiffs' Motion for Reconsideration improperly asks this Court to adjudicate factual issues that are expressly reserved for the arbitrator under the delegation clause of the Arbitration Agreement and the Federal Arbitration Act.

Notwithstanding these dispositive grounds, each of Plaintiffs' remaining arguments independently fails as set forth below. Defendants respectfully request that this Court deny the Motion for Reconsideration in its entirety and maintain its July 16, 2026, Order compelling arbitration.

## II. LEGAL STANDARD

Although Federal Rule of Civil Procedure 54(b) permits revision of interlocutory orders at any time before entry of final judgment, motions for reconsideration are not a vehicle to relitigate old matters, raise arguments or present evidence that could have been raised prior to entry of the order, or reargue the merits

of a motion already decided. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

A motion for reconsideration is appropriate only when there exists: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *See Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010); *Pet Quarters, Inc. v. Ladenburg Thalmann & Co., Inc.*, No. 4:04-CV-00697-BRW, 2011 WL 1135902 at *1 (E.D. Ark. Mar. 28, 2011). None of which are presented by Plaintiffs' Motion.

## III. ARGUMENT

### A. <u>Plaintiffs Fail to Establish that Reconsideration is Appropriate</u>.

Plaintiffs have identified no intervening change in controlling law and have presented no new evidence that was previously unavailable to support their Motion. Although Plaintiffs' Motion identifies thirteen purported "grounds" for reconsideration, not a single one constitutes new evidence or an intervening change in controlling law. Instead, Plaintiffs' "grounds" for reconsideration merely re-argue issues that were previously raised and addressed by this Court or constitute a merits-based attack on the underlying dispute that is expressly reserved for the arbitrator. Moreover, Plaintiffs have not identified any clear error of law that must be corrected to avoid injustice.

Because Plaintiffs' Motion merely repackages the same arguments this Court has already considered and rejected, Plaintiffs fail to meet the demanding standard for reconsideration, and their Motion should be denied.

**B. The Arbitration Agreement Is Valid and Governs Plaintiffs' Claims.**

This Court's July 16, 2026, Order carefully and correctly analyzed the threshold question raised by Defendants' Motion to Compel Arbitration: whether a valid arbitration agreement existed that encompassed the Plaintiffs' disputes. (Doc. 49 at 5–17.) The Court found, and Plaintiffs do not genuinely dispute, that each Plaintiff completed an online application for a Credit One Bank credit card account, received a physical credit card and Card Agreement by mail, activated the card, and made purchases using the card. (Doc. 49 at 2.) Each Card Agreement contained an identical Arbitration Agreement requiring Plaintiffs to arbitrate "any controversies or disputes arising from or relating in any way to [their] Account." (Doc. 22-1 at 16, 48, 82.)

The Court also found that the Arbitration Agreement was conspicuously presented to each Plaintiff. A notice appeared on the second page of each Card Agreement informing the cardholder that the Agreement included an arbitration provision with class action and jury trial waivers and directing the reader to the arbitration section. (Doc. 49 at 3.) The Arbitration Agreement itself began with a boldfaced and underlined heading followed by an all-caps disclaimer explaining that

the Agreement impacts the cardholder's litigation rights. (Doc. 49 at 3.) Each Plaintiff had forty-five (45) days to reject the Arbitration Agreement by sending written notice, and none did so. (Doc. 49 at 11.) Instead, all three Plaintiffs activated their credit cards and made purchases, affirmatively accepting the Card Agreements in their entirety.

Indeed, at the Motion Hearing, Plaintiff Manzano, as spokesperson for all Plaintiffs, affirmatively confirmed that the parties "signed or otherwise agreed to the card agreement itself that contained the arbitration provision." (Doc. 49 at 19.) Having admitted the existence of the agreement, Plaintiffs cannot now seek reconsideration on the ground that no valid agreement exists.

The Court further correctly found that Plaintiffs' claims against Defendants fall within the broad scope of the Arbitration Agreement, which covers "any controversies or disputes arising from or relating in any way to [Plaintiffs'] Account[s]" including "any collection of debt related to [Plaintiffs'] Account[s]." (Doc. 49 at 4–5.) Applying the FAA's "liberal federal policy favoring arbitration agreements," *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991), and the Arbitration Agreement's requirement that it be interpreted "in the broadest way the law will allow," (Doc. 49 at 4), the Court's conclusions concerning the arbitrability of Plaintiffs' claims was plainly correct. Plaintiffs' Motion for

Reconsideration identifies no error in the Court's analysis, but instead requests the Court ignore its analysis and reach decisions on the merits of Plaintiffs' claims.

### C. **<u>Plaintiffs Improperly Raise Factual Issues Reserved for The Arbitrator</u>.**

The vast majority of Plaintiffs' Motion for Reconsideration does not challenge the Court's threshold determination that a valid arbitration agreement exists. Rather, Plaintiffs ask this Court to adjudicate the factual merits of their underlying dispute.

The Supreme Court has held that unless the Plaintiff raises a challenge "to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006). And the Eighth Circuit has held that "a court may not rule on the potential merits of the underlying claim that is assigned by contract to an arbitrator, even if it appears to the court to be frivolous." *Benchmark Ins. Co. v. SUNZ Ins. Co.*, 36 F.4th 766, 772 (8th Cir. 2022) (alterations omitted) (internal quotations omitted). "Under the FAA, a motion to compel arbitration must be granted if a valid arbitration clause exists which encompasses the dispute between the parties." *Id*. (alterations omitted) (internal quotations omitted).

Plaintiffs' Motion contends that the underlying disputed debts are "extinguished," that Defendants have engaged in "double recovery," that the chain of title for ownership of the underlying debts is broken, and that Defendants violated the FDCPA, TILA, and FCRA, all of which are challenges to the validity of the

overall contract or the merits of the underlying dispute. Plaintiffs' Motion does not challenge the arbitration clause itself; Plaintiffs instead attempt to avoid proceeding to arbitration by presenting merits-based arguments on their claims against Defendants. But these are precisely the types of disputes and questions that are encompassed by the Arbitration Agreement that are to be committed to the arbitrator. This Court correctly declined to reach the merits of Plaintiffs' claims when it granted Defendants' Motion to Compel Arbitration and should not do so now on reconsideration.

**D. Each of Plaintiffs' Remaining Arguments Independently Fail.**

Even if this Court were to look beyond the two dispositive grounds set forth above, each of Plaintiffs' specific arguments raised in their Motion for Reconsideration independently fails on the merits.

**i. Compelling Arbitration and Staying This Case Does Not Violate Plaintiffs' Seventh Amendment Rights.**

Plaintiffs' claim that compelling this action to arbitration violates their Seventh Amendment right to a jury trial is without merit. It is well established that the right to a jury trial in civil actions may be waived by contract, and such a waiver is neither illegal nor contrary to public policy. *Nw. Airlines, Inc. v. Air Line Pilots Ass'n Int'l*, 373 F.2d 136, 142 (8th Cir.1967); *Coop. Fin. Ass'n, Inc. v. Garst*, 871 F. Supp. 1168, 1171 (N.D. Iowa 1995).

Here, Plaintiffs voluntarily entered into the Card Agreements containing the arbitration provision. As this Court found, the arbitration clause was conspicuously stated in the agreements, a notice regarding the arbitration clause appeared on page 2 of each Card Agreement, and the Arbitration section itself was introduced with a boldfaced and underlined heading and an all-caps disclaimer stating that the parties were giving up their right to a jury trial. (Doc. 49 at 10.) Moreover, Plaintiffs had forty-five (45) days from the date their accounts were opened to opt out of the arbitration provision and did not do so. (Doc. 49 at 11.) Plaintiffs then activated their credit cards and used them to make purchases, thereby manifesting their acceptance of the Card Agreements in their entirety, including the arbitration provision.

By voluntarily agreeing to arbitrate their disputes, Plaintiffs waived their right to a jury trial, and compelling arbitration in accordance with the Plaintiffs' contractual agreements does not present a constitutional violation.

**ii. The Court Did Not Err in Declining to Allow Plaintiffs' Limited Discovery Prior to Ordering This Action to Arbitration.**

Plaintiffs contend that this Court erred by not permitting "limited discovery" before granting Defendants' Motion to Compel Arbitration. (Doc. 51 at 4; *see* Doc. 52 at 2.) This argument is without merit and does not provide grounds for reconsideration.

A motion to compel arbitration raises a threshold jurisdictional question; the purpose of the motion is to determine whether the court or an arbitrator should resolve the parties' dispute based the agreement of the parties, and whether the claims at issue fall within the scope of the parties' agreement. *See Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004). This inquiry is a narrow legal question that does not require any discovery. To permit Plaintiffs to conduct discovery into the underlying debt, the chain of title, or Defendants' business practices before the Court resolved the threshold question of arbitrability would defeat the very purpose of the FAA, which mandates that arbitration agreements be "rigorously enforce[d] . . . according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013).

Moreover, this Court evaluated the Motion to Compel under the summary judgment standard, after both parties submitted evidence in support of their positions, including affidavits, declarations, and documentary exhibits. Plaintiffs had a full and fair opportunity to oppose the Motion and did so through multiple filings (Docs. 27, 28, 29, 30, 31, 38) and oral argument at two separate hearings (Docs. 37, 45). The Court did not abuse its discretion in resolving the jurisdictional question without first allowing Plaintiffs to embark on merits discovery that would have only delayed enforcement of the parties' valid arbitration agreement.

**iii. <u>Plaintiffs Will Not Suffer Any Harm or Prejudice by Proceeding in Individual Arbitration</u>.**

Plaintiffs characterize this matter as a “single household dispute” to suggest that their claims should proceed jointly. This characterization is inaccurate and misstates the nature of each Plaintiff’s individual claims against Defendants. This case involves three separate disputes arising from three separate credit card accounts held by three individual Plaintiffs.

As noted in the Court’s Order, Plaintiff Manzano opened account ending in #2393 on February 18, 2024, and activated it on February 26, 2024. Plaintiff Torrez opened account ending in #0181 on March 12, 2024, and activated it on March 20, 2024. Plaintiff Grisham opened account ending in #7755 on March 26, 2024, and activated it on May 1, 2024. (Doc. 49 at 2.) Each Plaintiff individually applied for credit, individually opened an account, individually activated a credit card, individually incurred charges, and individually defaulted on their obligations. The accounts were even charged off at different times and sold on different dates.

Each Plaintiff will have their own evidence specific to their own account, and the evidence in each case is not dependent upon the others. Therefore, there is no need to litigate the Plaintiffs’ claims jointly as a class, and proceeding with individual arbitrations will not prejudice any of the three Plaintiffs in this action. Because, as determined by this Court, the Arbitration Agreement is valid and

enforceable, the Agreement's class action waiver and individual arbitration requirements are valid and should be enforced.

**iv. <u>Arbitrator Qualifications Are Not for This Court to Decide</u>.**

Plaintiffs seek to impose their own requirements as to the qualifications of the arbitrator appointed to their cases, demanding that the arbitrator possess expertise in "debt securitization" and "holder in due course" doctrine as a condition precedent to arbitration. (Doc. 51-1 at 7–12.) But Plaintiffs have no authority to unilaterally impose such conditions, and this Court has no role in adjudicating them.

The Court's role on a motion to compel arbitration, as stated above, is limited to determining (1) whether a valid arbitration agreement exists and (2) whether the dispute falls within the scope of that agreement. *Pro Tech Indus., Inc.*, 377 F.3d at 871. The parties agreed to arbitration under the AAA Consumer Arbitration Rules, which govern the selection and qualification of arbitrators. Questions regarding the arbitrator's expertise, qualifications, or fitness to preside over the dispute are matters within the AAA's purview under its rules and procedures. Plaintiffs cannot condition their participation in arbitration on self-imposed prerequisites not found in the Arbitration Agreement governing their claims or the applicable rules agreed to therein.

**v. <u>A Scrivener's Error Does Not Invalidate a Pleading</u>.**

Plaintiffs argue that Defendants' Reply Brief (Doc. 48) should be disregarded because it was captioned for the "El Dorado Division" rather than the "Harrison Division" of this Court. (Doc. 51 at 5.) This argument is frivolous and does not provide any grounds for reconsideration. A typographical or scrivener's error in a caption does not destroy or invalidate a pleading. The substance of the Reply Brief clearly pertains to this case, the brief was filed in the correct case (Case No. 3:25-cv-03072), and it was served upon the correct parties.

Such technical deficiencies in captions where, as here, the parties suffer no prejudice, and the court can readily ascertain the intended filing, do not serve as grounds for invalidating or otherwise disposing of a pleading. *See, e.g.*, Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.") Plaintiffs identify no prejudice resulting from this typographical error, nor could they, as they clearly received and responded to the brief. This argument provides no basis for reconsideration.

**vi. <u>Defendants Were Not Required to Rebut Plaintiffs' Factual Affidavits</u>.**

Plaintiffs contend that Defendants "failed to rebut" the specific factual allegations set forth in Plaintiffs' Affidavits (Docs. 28, 29, 30), and that these "unrebutted" facts should preclude arbitration. (Doc. 51 at 5–6.) This argument

fundamentally misapprehends the scope of the Court's inquiry on a Motion to Compel Arbitration.

As already addressed above, the sole question before this Court was whether a valid, binding arbitration agreement exists that encompasses the parties' dispute. *Pro Tech Indus., Inc.*, 377 F.3d at 871; *Duncan v. Int'l Markets Live, Inc.*, 20 F.4th 400, 403 (8th Cir. 2021). Because the only issue the Court could consider on the Motion to Compel Arbitration is whether the arbitration agreement is binding, Defendants were under no obligation to rebut the "evidence" or "facts" stated in Plaintiffs' affidavits concerning the underlying debt, alleged insurance payoffs, alleged FCBA violations, or other merits-based contentions. Those factual disputes are irrelevant to the threshold question of arbitrability and will be resolved by the arbitrator.

Plaintiffs' suggestion that "unrebutted" factual assertions somehow defeat arbitration has no basis in law. The existence of a factual dispute about the underlying debts at issue in this case does not negate the existence of the valid Arbitration Agreement to resolve those very disputes. Because there is no dispute as to the validity of the Arbitration Agreement, the Court properly declined to reach the merits of the underlying disputes. Plaintiffs' Motion for Reconsideration provides no basis to revisit its determination that the disputes in this case should be considered by the arbitrator.

**vii. <u>Plaintiffs' "Faulty Bills of Sale Timeline" Arguments Are Speculative, Unsupported, and Do Not Provide Grounds for Reconsideration</u>.**

Plaintiffs challenge the sufficiency of the bills of sale, Declarations of Account Transfer, and argue that the chain of title is invalid because of alleged "mathematical" and "linear" timeline impossibilities. Specifically, Plaintiffs argue that the August 1, 2024, Purchase and Sale Agreement predates the dates on which their individual accounts were sold and transferred and, therefore, their accounts were not properly transferred. (Doc. 51 at 6–12.) Not only does this argument again request this Court to reach a decision on the merits of this case, but it reflects a fundamental misunderstanding of how future purchase agreements operate.

Under such agreements, a buyer agrees in advance to purchase future receivables as they become available. Without requesting this Court to adjudicate the underlying facts of this dispute, the August 1, 2024, Purchase and Sale Agreement, which Plaintiffs claim could not properly transfer ownership of their accounts, was a valid future purchase arrangement under which accounts were subsequently transferred as they were charged off and became eligible for sale. Plaintiffs' challenges to the assignment chain are without merit and, in any event, constitute merits questions delegated to the arbitrator.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion for Reconsideration (Doc. 51) and Supplemental Memorandum in Support (Doc. 52) in their entirety and maintain its July 16, 2026, Opinion and Order (Doc. 49) compelling arbitration of Plaintiffs' claims pursuant to the valid and enforceable arbitration agreements.

Respectfully submitted this the 17th day of August, 2026.

*/s/ Samuel A. Morris*
Samuel A. Morris, Esq. (AR No. 2021089)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3258
Facsimile: (615) 724-3290
Email: smorris@burr.com

Attorney for Defendants
CREDIT ONE BANK, N.A., LVNV FUNDING LLC, AND RESURGENT CAPITAL SERVICES L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of the Court using CM/ECF and has been served on the following by email and/or U.S. First Class Mail on the 17th day of August, 2026:

Jacqueline Manzano (*jmdesigns88@proton.me)*
Alton Grisham (*AG-84proton.me@proton.me)*
Pete Torrez (*ptorrez54@aol.com)*
401 Paradise Heights Drive
Berryville, AR 72616
*Pro se Plaintiffs*

*/s/ Samuel A. Morris*